NUMBER 13-06-345-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ADOLFO GONZALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Adolfo Gonzales, guilty of indecency with a child, (1) assessed
his punishment at two years and six months' imprisonment, and recommended suspension
of the sentence. The trial court suspended the sentence and placed appellant on
community supervision for five years. In a single issue, appellant complains that the
evidence is legally and factually insufficient to support his conviction. We affirm. 

I. Background 


 After attending a sex education class, R.G., a twelve-year-old boy, made an outcry
to his teacher and school counselor that his uncle had been molesting him. At trial, R.G.
testified that his uncle had molested him on four occasions. (2) The first incident occurred
when R.G. was spending the night at his uncle's house with his cousins. Appellant came
into the bedroom where R.G. was sleeping and rubbed R.G.'s "rear end" over his clothing. 
Later that night, appellant took R.G. into appellant's bedroom, sat with him in a recliner,
and asked R.G. for a kiss. Later, back in the bedroom where R.G. had been sleeping,
appellant rubbed R.G.'s back and asked what R.G. would say if anyone asked about
appellant. When R.G. responded that he would say, "You rub my back part," appellant
said, "Don't ever tell anybody like that, don't ever tell anyone that I do that." (3) 

 The second incident occurred at R.G.'s great-grandmother's house. When other
family members were not around, appellant asked R.G. for a kiss; R.G. complied by kissing
him on the lips. The third incident occurred in the kitchen at appellant's house. Appellant
was doing his homework while his aunt and grandmother were in the other room. 
Appellant began rubbing R.G.'s leg and asked for a kiss. R.G. complied by kissing him on
the lips. According to R.G., appellant kept checking "to make sure [his aunt and
grandmother] weren't coming."

 The fourth incident formed the basis of the indictment against appellant. R.G.
testified that he was left alone with appellant when his aunt and grandmother went to visit
a relative. R.G. and appellant sat in a chair, and appellant asked for a kiss; R.G. kissed
him on the lips. Later, appellant said to R.G., "I bet I can pick you up." Appellant got
behind R.G., placed his hands near R.G.'s genitals, and started to pick him up. Appellant
then picked R.G. up a second time, touching R.G.'s genitals over his clothing. 

 After R.G. made an outcry to his teacher and school counselor, his family was
notified. Sometime later, R.G. spoke with appellant by telephone. Appellant said he did
not remember the incidents. He also told R.G. that he was "sorry if [he] did anything."

II. Standard of Review and Applicable Law 


A. Legal Sufficiency 

 When reviewing the legal sufficiency of the evidence to support a conviction, we
consider all the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. (4) This standard gives "full play to the responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts." (5) In this review, we do not reevaluate the
weight and credibility of the evidence; rather, we act only to ensure that the jury reached
a rational decision. (6)

B. Factual Sufficiency

 In determining the factual sufficiency of the elements of the offense, we view all the
evidence in a neutral light to determine whether a jury was rationally justified in finding guilt
beyond a reasonable doubt. (7) We set aside a finding of guilt only if the evidence supporting
the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or when
the great weight and preponderance of the evidence is contrary to the verdict. (8) A proper
factual sufficiency review must consider the most important evidence that the appellant
claims undermines the jury's verdict. (9)

 The jury, as the trier of fact, is the exclusive judge of the credibility of witnesses and
the weight to be afforded their testimony. (10) The jury is free to believe one version of the
facts and reject another. (11) It is also entitled to accept or reject all or any portion of a
witness's testimony. (12) We are authorized to disagree with the fact finder's determination
only when the record clearly indicates our intervention is necessary to stop the occurrence
of a manifest injustice. (13)

C. Applicable Law

 Section 21.11 of the Texas Penal Code provides that a person commits the offense
of indecency with a child if, with a child under 17 years and not the person's spouse, the
person engages in sexual contact with the child or causes the child to engage in sexual
contact. (14) "Sexual contact" is defined as "any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child" if the act is
committed "with the intent to arouse or gratify the sexual desire" of the person. (15) A jury
may infer the requisite intent from the defendant's conduct, remarks, or all the surrounding
circumstances. (16) The testimony of a child victim alone is sufficient to support a conviction
for indecency with a child. (17) In an indecency with a child case, the code of criminal
procedure allows evidence of other crimes, wrongs, or acts committed against the victim
to be admitted for its bearing on relevant matters, including the state of mind of the
defendant. (18)

III. Analysis 


 Appellant claims that the evidence supporting his conviction is legally and factually
insufficient to prove that he had the requisite mental state of intent to arouse or gratify his
sexual desire. Appellant argues that "the evidence produced at trial can just as easily be
interpreted as innocent behavior." Appellant points us to no evidence, but simply argues
that there "was nothing presented to the jury on the fact of whether or not the appellant
intended to arouse his sexual desire." 

 At the close of the State's case, appellant's counsel moved for a directed verdict on
the basis of insufficiency of the evidence. Specifically, appellant's counsel argued there
was no evidence of the element of "intent to arouse and gratify sexual desire." The
following exchange occurred:

[Appellant's counsel]: Assuming the State's evidence is true, assuming that
they may have proved touching of the genitals, but there is nothing else that
would show that element, Your Honor, of "intent to arouse and gratify sexual
desire." I think they failed on their burden, and I'd ask for a directed verdict,
Your Honor.


[Court]: [Prosecutor]?


[Prosecutor]: I would say, Judge, that if we were looking at this in a vacuum,
I'd agree with [appellant's counsel] if that was all that ever happened, he
touched him by picking him up and that was it, that he might be right; but in
this case we have three other incidences where it shows that the Defendant
had some sort of intent, and you can't simply ignore those and say, Well,
now he's being playful. We're allowed to, and the jury is allowed to infer
intent from prior actions. And, in fact, in the Code of Criminal Procedure it
allows them to look at the relationship between the Defendant and the victim
in order to look at intent.


 And in this case we have a victim who is kissed in the middle of the
night by his uncle after being woken up by touching around the anus of the
victim, and is kissed on two other times, and that the Defendant was also
stroking his leg. All of this was done under the auspices of at least
attempting to keep other people out of this. In other words, he's doing this
covertly. So I think that is more than enough evidence from those
events--and also the same day he also--he picked him up by the genitals,
he also had set him down on the couch and kissed him. I think that's more
than enough evidence to show intent to arouse or gratify the sexual desire
of the Defendant from those prior acts. (19) 


The trial court denied appellant's request for a directed verdict. In his brief, appellant
argues that the State's "argument fails because each of the other incidents that [the
prosecutor] is referring to also lack the requisite mental state." 

 At trial, appellant testified that the first incident "did not happen." Appellant testified
that he did not remember anything about the second incident. With regard to the third
incident, appellant testified that he recalled helping R.G. with his homework. In response
to R.G.'s claim that appellant rubbed his leg, appellant said he did not recall, but that he
"possibly" could have done so. As to the fourth incident, appellant testified that he had
never been alone with R.G., and therefore, "[n]one of that happened."

 R.G. testified that when he and appellant were alone, appellant picked him up,
touching his genitals. Appellant denied that the incident occurred. We again note that the
jury is the exclusive judge of the credibility of witnesses and the weight to be given their
testimony. (20) R.G. testified as to the circumstances surrounding three other incidents; the
jury was free to infer the requisite intent from the defendant's conduct, remarks, or all of
the surrounding circumstances. (21) 

 After reviewing the evidence in the light most favorable to the verdict, we conclude
that any rational trier of fact could have found the essential elements of indecency with a
child beyond a reasonable doubt. (22) Therefore, the evidence is legally sufficient to support 
appellant's conviction.

 Moreover, after reviewing the evidence neutrally, we do not find that the proof of
guilt is greatly outweighed by evidence to the contrary, nor is it so weak as to undermine
confidence in the jury's determination. (23) Accordingly, we conclude that the evidence is
factually sufficient to support appellant's conviction.

IV. Conclusion 


 We overrule appellant's sole issue and affirm the trial court's judgment. 


 

 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 28th day of August, 2007.
1. See Tex. Penal Code Ann. § 21.11(a)(1), (c) (Vernon 2003). 
2. We note that this factual background is taken from R.G.'s testimony.
3. On cross-examination, R.G. testified that he told appellant he would say that appellant rubbed his
"back," and appellant said not to tell anyone that he did that. 
4. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim.
App. 2006); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005); Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004).
5. Jackson, 443 U.S. at 319.
6. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc); Ozuna v. State, 199 S.W.3d
601, 604 (Tex. App.-Corpus Christi 2006, no pet.).
7. See Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006).
8. Id. at 415.
9. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
10. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).
11. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).
12. Id.; Ozuna, 199 S.W.3d at 605.
13. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).
14. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). 
15. Id. § 21.11(c)(1).
16. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); see Robertson v. State, 871
S.W.2d 701, 705 (Tex. Crim. App. 1993).
17. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).
18. See id. art. 38.37 (Vernon Supp. 2006).
19. Emphasis in original.
20. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979).
21. McKenzie, 617 S.W.2d at 216; Robertson, 871 S.W.2d at 705.
22. Jackson, 443 U.S. at 318-19. 
23. Watson, 204 S.W.3d at 415.