MARY'S OPINION HEADING 








NO. 12-08-00401-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JUSTIN DON COX,                                     §                      APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Justin Don Cox appeals his conviction
for driving while intoxicated. In his sole issue, Appellant argues that the
evidence is factually insufficient to prove that he was intoxicated.  We
affirm.


Background

Appellant was driving a van on Highway
64 from Tyler to Canton.  Cory Weatherford was driving a large pickup truck on
the same highway traveling in the opposite direction.  As Weatherford
approached Appellant’s van, he noticed that Appellant was driving on the wrong
side of the road.  Realizing that Appellant was not taking corrective measures,
Weatherford steered to the right, driving his vehicle almost off the side of
the road.  Despite Weatherford’s evasive maneuver, the vehicles still made
contact.

Weatherford and the two occupants of his
vehicle, Josh Heddin and Kobey Kimbrell, then realized that Appellant was not
pulling over.  Weatherford turned his truck around, chased Appellant, and
turned on the truck’s wigwag lights.  Appellant pulled over, and Weatherford
positioned his truck in front of Appellant’s van so that Appellant was blocked
in.  Appellant exited his van, and Weatherford, Heddin, and Kimbrell saw him
stumble.  Appellant admitted that he caused the accident, and claimed that he
pulled over as quickly as he safely could do so.  He also claimed that the accident
occurred before a long bridge and that he wanted to get across the bridge
before pulling over.

Appellant’s conversation was rambling, and
he became argumentative as he and Weatherford discussed whether the police
should be called.  Appellant stated that he did not want the police to
investigate the accident, but Weatherford disagreed.  Ultimately, Weatherford
used Appellant’s cell phone to call the police.  Before the police arrived, Appellant
went to his van, retrieved a bottle of whiskey, and threw it onto the land
adjoining the road.

Trooper Tracey Tullis, a veteran trooper
with the Texas Department of Public Safety, arrived to investigate the
accident.  Trooper Tullis first spoke with Weatherford, Heddin, and Kimbrell. 
She then approached Appellant to obtain his version of the accident.  Appellant
admitted to causing the accident.  During the trooper’s investigation, she
determined that the accident may have been caused by Appellant’s intoxication. 
Appellant admitted that he had bought a bottle of whiskey that day.  He also
admitted that he had taken “a couple of swigs” from the bottle before driving. 
Appellant smelled of alcohol, had bloodshot eyes, and could not keep his
balance.  Trooper Tullis performed the horizontal gaze nystagmus test on
Appellant, and she observed all six clues of intoxication possible from that
test.  She then conducted the vertical gaze nystagmus test on Appellant, and
again she observed clues suggesting intoxication.  Trooper Tullis asked
Appellant to perform the walk and turn test, and he failed to perform that test
correctly.  The trooper also asked Appellant to recite the alphabet from A to
M.  He recited the alphabet correctly, but he did not stop at M.  Appellant
then failed to follow instructions on a test in which he was asked to count his
fingers.  Trooper Tullis also saw Appellant stumbling and losing his balance.  

Trooper Tullis arrested Appellant for
driving while intoxicated.  She then retrieved Appellant’s whiskey bottle from
the land adjoining the road.  She asked Appellant to submit to a breathalyzer
examination, but he refused.

A Smith County grand jury indicted
Appellant for the offense of driving while intoxicated.  The grand jury alleged
that the offense was a felony because Appellant had two prior convictions for offenses
related to the operation of a motor vehicle while intoxicated.  The grand jury
also alleged that Appellant used his vehicle as a deadly weapon. Appellant
pleaded not guilty to the charge of driving while intoxicated.  The case
proceeded to trial, and the jury found Appellant guilty as charged.  Appellant
elected to have the trial court determine his sentence.  The trial court
assessed punishment at imprisonment for ten years and a fine of $5,000.  This
appeal followed.

 

Sufficiency of the Evidence

In his sole issue, Appellant contends
that the evidence is factually insufficient to support his conviction.
Specifically, Appellant argues that the evidence is insufficient to establish
that he was intoxicated.

Standard of Review

            When
reviewing the factual sufficiency of the evidence to support a conviction, we
view the evidence in a neutral light and ask whether the evidence supporting
the verdict is so weak or so against the great weight and preponderance of the
evidence as to render the verdict manifestly unjust. Steadman v. State,
280 S.W.3d 242, 246 (Tex. Crim. App. 2009).  In conducting a factual
sufficiency review, we must discuss the evidence that, according to the
appellant, most undermines the jury’s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).  Although we are authorized to disagree
with the jury’s determination to a very limited degree, we must nevertheless
give the jury’s verdict a great degree of deference.  Steadman,
280 S.W.3d at 246.  Our evaluation should not substantially intrude upon the
jury’s role as the sole judge of the weight and credibility of witness
testimony.  Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997); see Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996).  

            Any
issue in a criminal case may be proven circumstantially.  See Jordan v.
State, 707 S.W.2d 641, 644-45 (Tex. Crim. App. 1986).  Circumstantial
evidence is as probative as direct evidence in establishing the guilt of an
actor, and circumstantial evidence alone can be sufficient to establish guilt. 
Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  In a
circumstantial evidence case, it is unnecessary for every fact to point
directly and independently to the defendant’s guilt; rather, it is sufficient
if the finding of guilt is supported by the cumulative force of all the
incriminating evidence.  Powell v. State, 194 S.W.3d 503, 507
(Tex. Crim. App. 2006).  Further, the factual sufficiency of the evidence is
measured against the elements of the offense as defined by a hypothetically
correct jury charge.  Grotti v. State, 273 S.W.3d 273, 281 (Tex.
Crim. App. 2008).  Such a charge would include one that accurately sets out the
law, is authorized by the indictment, does not unnecessarily increase the state’s
burden of proof or restrict the state’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.  Id.
at 280-81.

As alleged in the indictment in this
case, the State was required to prove that Appellant drove a motor vehicle in a
public place while intoxicated and that he had two prior convictions for
driving while intoxicated. Tex. Penal
Code Ann. §§ 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp. 2008). As
relevant here, a person is intoxicated if he does not have the normal use of
his mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of
those substances, or any other substance into the body.  See id.
§ 49.01(2) (Vernon 2003).

Analysis

Appellant argues that there was
insufficient evidence to show that he was intoxicated. We disagree.

In this case, the State presented direct
opinion testimony as well as convincing circumstantial evidence that Appellant
was intoxicated. Weatherford, Heddin, and Kimbrell testified that they observed
Appellant driving erratically.  Specifically, they saw Appellant cross the
center line, fail to take evasive action to avoid a head on collision, and fail
to stop after being involved in an accident.  When Appellant did stop,
Weatherford, Heddin, and Kimbrell observed that Appellant had difficulty
maintaining his balance, became antagonistic, and engaged in rambling
conversation.  Weatherford and Kimbrell saw Appellant throw a bottle of whiskey
out of his van.

Further, Trooper Tullis, the
investigating officer, testified that Appellant admitted he had caused the
accident and had been drinking.  Trooper Tullis detected a strong odor of
alcohol on Appellant and observed that Appellant had bloodshot eyes and an
unsteady walk.  She also conducted several sobriety tests, which Appellant failed. 
These tests were videotaped, and the jury was able to see Appellant’s
performance.  Trooper Tullis retrieved Appellant’s whiskey bottle from the
scene of the accident, and the bottle was only two-thirds full.  The trooper also
testified that, in her opinion, Appellant was intoxicated. 

Appellant presented some evidence that
is contrary to the verdict. Specifically, Appellant testified that he did not
believe he was intoxicated.  He admitted causing the accident, but he
maintained that it was a minor accident which involved only the contacting of
the mirrors of the vehicles.  He explained that he did not immediately pull over
because it was unsafe to do so.  He said that he pulled over as soon as he got
past a long bridge, and Trooper Tullis confirmed that Appellant stopped his
vehicle just past a bridge.  He stated on the video that he had been having a
bad day because his pet raccoon had died that morning, his mother had told him
that his grandfather had passed away, and he was having some financial
difficulties.  Appellant claimed that his eyes were bloodshot because he had
been crying.  He said he smelled of alcohol because he had spilt some on his
shirt.  He also claimed that he performed poorly on the sobriety tests because
of the stress of his bad day, the effects of having just been in an accident,
and the wind, traffic, and lights.

 The jury heard all of the evidence and
resolved the issues of witness credibility in favor of the State.  After
reviewing the evidence in a neutral light and giving the required deference to
the jury’s verdict, we hold that the evidence is factually sufficient to support
the verdict. Our review of the record as a whole, with consideration given to
all of the evidence both for and against the jury's finding, has not caused us
to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant's conviction
clearly wrong or manifestly unjust.  We overrule Appellant's sole issue.

 

 

Disposition

Having overruled Appellant's sole issue,
we affirm the judgment of the trial court.

 

                                                Brian Hoyle

                                                                                 
Justice

 

 

Opinion delivered January 6, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)