# NO. 12-08-00401-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN DON COX,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Justin Don Cox appeals his conviction for driving while intoxicated. In his sole issue, Appellant argues that the evidence is factually insufficient to prove that he was intoxicated. We affirm.

### BACKGROUND

Appellant was driving a van on Highway 64 from Tyler to Canton. Cory Weatherford was driving a large pickup truck on the same highway traveling in the opposite direction. As Weatherford approached Appellant's van, he noticed that Appellant was driving on the wrong side of the road. Realizing that Appellant was not taking corrective measures, Weatherford steered to the right, driving his vehicle almost off the side of the road. Despite Weatherford's evasive maneuver, the vehicles still made contact.

Weatherford and the two occupants of his vehicle, Josh Heddin and Kobey Kimbrell, then realized that Appellant was not pulling over. Weatherford turned his truck around, chased Appellant, and turned on the truck's wigwag lights. Appellant pulled over, and Weatherford positioned his truck in front of Appellant's van so that Appellant was blocked in. Appellant exited his van, and Weatherford, Heddin, and Kimbrell saw him stumble. Appellant admitted

that he caused the accident, and claimed that he pulled over as quickly as he safely could do so. He also claimed that the accident occurred before a long bridge and that he wanted to get across the bridge before pulling over.

Appellant's conversation was rambling, and he became argumentative as he and Weatherford discussed whether the police should be called. Appellant stated that he did not want the police to investigate the accident, but Weatherford disagreed. Ultimately, Weatherford used Appellant's cell phone to call the police. Before the police arrived, Appellant went to his van, retrieved a bottle of whiskey, and threw it onto the land adjoining the road.

Trooper Tracey Tullis, a veteran trooper with the Texas Department of Public Safety, arrived to investigate the accident. Trooper Tullis first spoke with Weatherford, Heddin, and Kimbrell. She then approached Appellant to obtain his version of the accident. Appellant admitted to causing the accident. During the trooper's investigation, she determined that the accident may have been caused by Appellant's intoxication. Appellant admitted that he had bought a bottle of whiskey that day. He also admitted that he had taken "a couple of swigs" from the bottle before driving. Appellant smelled of alcohol, had bloodshot eyes, and could not keep his balance. Trooper Tullis performed the horizontal gaze nystagmus test on Appellant, and she observed all six clues of intoxication possible from that test. She then conducted the vertical gaze nystagmus test on Appellant, and again she observed clues suggesting intoxication. Trooper Tullis asked Appellant to perform the walk and turn test, and he failed to perform that test correctly. The trooper also asked Appellant to recite the alphabet from A to M. He recited the alphabet correctly, but he did not stop at M. Appellant then failed to follow instructions on a test in which he was asked to count his fingers. Trooper Tullis also saw Appellant stumbling and losing his balance.

Trooper Tullis arrested Appellant for driving while intoxicated. She then retrieved Appellant's whiskey bottle from the land adjoining the road. She asked Appellant to submit to a breathalyzer examination, but he refused.

A Smith County grand jury indicted Appellant for the offense of driving while intoxicated. The grand jury alleged that the offense was a felony because Appellant had two prior convictions for offenses related to the operation of a motor vehicle while intoxicated. The grand jury also alleged that Appellant used his vehicle as a deadly weapon. Appellant pleaded

2

not guilty to the charge of driving while intoxicated. The case proceeded to trial, and the jury found Appellant guilty as charged. Appellant elected to have the trial court determine his sentence. The trial court assessed punishment at imprisonment for ten years and a fine of $5,000. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is factually insufficient to support his conviction. Specifically, Appellant argues that the evidence is insufficient to establish that he was intoxicated.

### Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view the evidence in a neutral light and ask whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009). In conducting a factual sufficiency review, we must discuss the evidence that, according to the appellant, most undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Although we are authorized to disagree with the jury's determination to a very limited degree, we must nevertheless give the jury's verdict a great degree of deference. *Steadman*, 280 S.W.3d at 246. Our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); *see Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

Any issue in a criminal case may be proven circumstantially. *See Jordan v. State*, 707 S.W.2d 641, 644-45 (Tex. Crim. App. 1986). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In a circumstantial evidence case, it is unnecessary for every fact to point directly and independently to the defendant's guilt; rather, it is sufficient if the finding of guilt is supported by the cumulative force of all the incriminating evidence. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006). Further, the factual sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Grotti v. State*, 273

S.W.3d 273, 281 (Tex. Crim. App. 2008). Such a charge would include one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* at 280-81.

As alleged in the indictment in this case, the State was required to prove that Appellant drove a motor vehicle in a public place while intoxicated and that he had two prior convictions for driving while intoxicated. TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp. 2008). As relevant here, a person is intoxicated if he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *See id*. § 49.01(2) (Vernon 2003).

## Analysis

Appellant argues that there was insufficient evidence to show that he was intoxicated. We disagree.

In this case, the State presented direct opinion testimony as well as convincing circumstantial evidence that Appellant was intoxicated. Weatherford, Heddin, and Kimbrell testified that they observed Appellant driving erratically. Specifically, they saw Appellant cross the center line, fail to take evasive action to avoid a head on collision, and fail to stop after being involved in an accident. When Appellant did stop, Weatherford, Heddin, and Kimbrell observed that Appellant had difficulty maintaining his balance, became antagonistic, and engaged in rambling conversation. Weatherford and Kimbrell saw Appellant throw a bottle of whiskey out of his van.

Further, Trooper Tullis, the investigating officer, testified that Appellant admitted he had caused the accident and had been drinking. Trooper Tullis detected a strong odor of alcohol on Appellant and observed that Appellant had bloodshot eyes and an unsteady walk. She also conducted several sobriety tests, which Appellant failed. These tests were videotaped, and the jury was able to see Appellant's performance. Trooper Tullis retrieved Appellant's whiskey bottle from the scene of the accident, and the bottle was only two-thirds full. The trooper also testified that, in her opinion, Appellant was intoxicated.

4

Appellant presented some evidence that is contrary to the verdict. Specifically, Appellant testified that he did not believe he was intoxicated. He admitted causing the accident, but he maintained that it was a minor accident which involved only the contacting of the mirrors of the vehicles. He explained that he did not immediately pull over because it was unsafe to do so. He said that he pulled over as soon as he got past a long bridge, and Trooper Tullis confirmed that Appellant stopped his vehicle just past a bridge. He stated on the video that he had been having a bad day because his pet raccoon had died that morning, his mother had told him that his grandfather had passed away, and he was having some financial difficulties. Appellant claimed that his eyes were bloodshot because he had been crying. He said he smelled of alcohol because he had spilt some on his shirt. He also claimed that he performed poorly on the sobriety tests because of the stress of his bad day, the effects of having just been in an accident, and the wind, traffic, and lights.

The jury heard all of the evidence and resolved the issues of witness credibility in favor of the State. After reviewing the evidence in a neutral light and giving the required deference to the jury's verdict, we hold that the evidence is factually sufficient to support the verdict. Our review of the record as a whole, with consideration given to all of the evidence both for and against the jury's finding, has not caused us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered January 6, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)