Opinion issued May 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00484-CR

          01-09-00485-CR

———————————

James Aaron Shankle, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 10th District Court 

Galveston County, Texas



Trial Court Case Nos. 08CR1229 & 08CR1230

 



 

MEMORANDUM OPINION

          Appellant,
James Aaron Shankle, was indicted in two separate cases for the felony offense
of assault of a public servant.  After appellant
waived a jury trial, the trial court found appellant not guilty of the assault
charges.  Instead, the trial court found
appellant guilty in each case of the lesser-included offense of resisting
arrest, see Tex. Penal Code Ann. § 38.03 (Vernon 2003), and
assessed punishment at two days’ confinement in the county jail, with credit
for time served.  In two related points
of error, appellant contends the evidence is legally and factually insufficient
to support his conviction.  We affirm.

BACKGROUND

          The facts in the light most
favorable to the verdict are as follows: 
On February 19, 2008, James Guillory went to the League City Police
Department for assistance with obtaining custody of his children from his
ex-wife, Michaelle Shankle.  Guillory
showed the police officers a visitation order, which was later determined to
have been vacated.[1]  Officer S. Blair looked up the address
referenced in the order and noted that the police had been to that location six
times in the past month.  After speaking
with the District Attorney’s office, Blair accompanied Guillory to Shankle’s
home.

          Blair
had Guillory stay outside while he went up and knocked on the door.  Shankle answered, and Blair asked her “what
was going on with her ex-husband and her kids.” 
Shankle replied that she did not feel like her kids were safe with
Guillory and that she was not going to allow them to go with him.[2]  Blair told Shankle that if she felt that the
children were unsafe, she should go back to the Court to have the visitation
modified. Blair told Shankle that he had been advised by the District Attorney
to either have the children go with Guillory or arrest Shankle for interference
with child custody.  Shankle held out her
hand and replied, “Just take me to jail, but you’re still not giving Mr.
Guillory the kids.”

          Blair
was about to arrest Shankle, when appellant, her husband, stepped between them
and said, “You need to get off my property, and you’re not taking anyone to
jail.”  Blair explained that Shankle was
committing a felony in his presence and that she was going to jail.  Appellant replied, “She’s not going
anywhere.”  Appellant then tried to close
the door, but Blair put his foot in to keep the door from closing.  Blair also called his sergeant for
assistance.  While waiting for
assistance, Blair explained to appellant and Shankle that until the custody
order was changed they needed to comply with it.  Blair testified that no one ever claimed that
the order was invalid or that it was not Guillory’s visitation day.

          In
response to Blair’s call, Sergeant Hera arrived in about five minutes.  When he arrived, Hera saw Blair standing at
the doorway with his foot holding it open and appellant standing on the other
side holding a small child.  Hera moved
to step through the doorway and arrest Shankle, when appellant pushed him in
the chest.  Hera testified that before
appellant pushed him, “I hadn’t laid a hand on him.” Hera also told appellant to
put the child down.  Hera testified that
at this point his focus shifted from arresting Shankle to arresting appellant
for interference.  Hera repeatedly told
appellant to put the child down, and when Hera moved to grab appellant’s arm,
appellant began to shake the baby back and forth.  Hera tried to take the baby by the waist and
remove him from the situation, but appellant continued moving the baby from
side to side, so Hera immediately let go of the child.  Shankle finally stepped forward, grabbed the
baby from appellant, and fled further into the house.  

          Once
the child was removed from the situation, Hera attempted to place appellant in
an armbar so that he could handcuff him, and appellant responded by swinging
his fists and throwing punches, one of which hit Hera in the back of the head.
Blair then tackled appellant and a fight ensued.  When appellant was finally subdued, both
officers had been injured.

SUFFICIENCY OF THE EVIDENCE

          In points of error one and
two, appellant contends the evidence is legally and factually insufficient to
convict him of resisting arrest “because any use of force against the officers
by appellant was justified” under section 9.31 of the Texas Penal Code.  Essentially, appellant argues that the
evidence is insufficient to support the trial court’s rejection of his
self-defense claim.

This Court reviews sufficiency-of-the-evidence challenges applying
the same standard of review, regardless of whether an appellant presents the
challenge as a legal or a factual sufficiency challenge. See
Ervin v. State, 331 S.W.3d 49, 52–55 (Tex. App.—Houston [1st Dist.] Nov.
10, 2010, pet. ref’d) (construing majority holding of Brooks
v. State, 323 S.W.3d 893, 912, 924–28 (Tex. Crim. App. 2010)). This
standard of review is the standard enunciated in Jackson v. Virginia,
443 U.S. 307, 319, 99 S.C t. 2781, 2789 (1979). See id. Pursuant to this
standard, evidence is insufficient to support a conviction if, considering all
the record evidence in the light most favorable to the verdict, no rational
fact finder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99
S. Ct. at 2789; In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071
(1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence
to be insufficient under the Jackson standard in two circumstances: (1)
the record contains no evidence, or merely a “modicum” of evidence, probative
of an element of the offense, or (2) the evidence conclusively establishes a
reasonable doubt. See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct.
at 2786, 2789 n.11, 2789; see also Laster, 275 S.W.3d at 518; Williams,
235 S.W.3d at 750.

The sufficiency-of-the-evidence
standard gives full play to the responsibility of the factfinder to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007). An appellate court presumes that the fact finder resolved any
conflicts in the evidence in favor of the verdict and defers to that
resolution, provided that the resolution is rational. See Jackson, 443
U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt. Clayton,
235 S.W.3d at 778. Finally, the “cumulative force” of all the circumstantial
evidence can be sufficient for a jury to find the accused guilty beyond a
reasonable doubt. See Powell v. State, 194 S.W.3d 503, 507 (Tex. Crim. App.
2006).

When, as here, a defendant asserts a claim of self-defense,
the State has the ultimate burden of persuasion. Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003). The burden of persuasion does not
require the production of evidence; it requires only that the State prove its
case beyond a reasonable doubt. Id. at 594. When a factfinder finds a
defendant guilty, there is an implicit finding against the defensive theory. Id.
When reviewing the sufficiency of the evidence concerning the factfinder’s
rejection of self-defense, we look to whether any rational factfinder could
have found against the defendant on the self-defense issue beyond a reasonable
doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); Hernandez
v. State, 309 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2010, pet.
ref’d).

Appellant argues that his use of force against the police
officers was justified because he was merely responding to being “tackled” by
the officers as he attempted to hand his infant son to his wife.

Article 38.03 of the Texas Penal Code defines the offense of
resisting arrest as follows:

(a) A person commits an offense if he intentionally prevents
or obstructs a person he knows is a peace officer . . . from effecting an
arrest . . . of the actor or another by using force against the peace officer
or another.

(b) It is no defense to prosecution under this section that
the arrest or search was unlawful.

 

Tex.
Penal Code Ann. § 38.03(a),(b) (Vernon 2003).

 

The
penal code also provides in part: “[A] person is justified in using force
against another when and to the degree the actor reasonably believes the force
is immediately necessary to protect the actor against the other’s use or
attempted use of unlawful force.” Tex. Penal Code Ann. § 9.31(a) (Vernon Supp. 2010). However,
“[t]he use of force against another is not justified: to resist an arrest . . .
that the actor knows is being made by a peace officer . . . even though the
arrest or search is unlawful, unless the resistance is justified.” Id. § 9.31(b)(2). 
The use of force to resist an arrest or search is justified “if, before
the actor offers any resistance, the peace officer . . . uses or attempts to
use greater force than necessary to make an arrest or search.” Id. § 9.31(c)(1).  Thus, appellant had to produce evidence that
the force he used in resisting arrest occurred after the officers had used greater force than necessary. See Jackson v. State, No. 05-96-01428-CR, 1998 WL 89587, *4 (Tex. App.—Dallas
March 4, 1998, no pet.). The issue we must decide then is whether there is
sufficient evidence that appellant “offered any resistance,” i.e., used force
against the officers first.

          Appellant points out that he, Shankle,
and Guillory all testified that the physical encounter between appellant and
the officers was initiated by Hera when he “tackled” appellant as appellant
turned to hand his son to Shankle.  In
contrast, Hera and Blair testified that the physical encounter began when
appellant shoved Hera as Hera attempted to enter the house and arrest
Shankle.  The trial court, as finder of
fact, was entitled to resolve conflicts in the testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.

          Because a rational factfinder could
have found against appellant on his self-defense issue beyond a reasonable
doubt, we overrule points of error one and two.  See Saxton, 804 S.W.2d at 914.  

CONCLUSION

          We affirm the judgment of
the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          It should be noted that there is
evidence that Guillory and Shankle had been abiding by the terms of this
vacated order for several months prior to this incident.





[2]
          Blair testified that Shankle did
not claim that the dates and times of visitation were erroneous; she merely
stated that she was not going to comply with the visitation order because she
felt that the children would not be safe with Guillory.  It is undisputed that, even if the visitation
order Guillory provided police had been vacated, he was nonetheless entitled to
some period of visitation.