**Charles Earl SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46405.**

Court of Criminal Appeals of Texas.

June 20, 1973.

See also, Tex.Cr.App., 486 S.W.2d 329.

Malcolm Dade (Court appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty. John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty, Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary; the punishment, six (6) years.

School principal Kirven testified as to the breaking and the minor damage committed inside the school building and the lack of consent to appellant or anyone to enter.

Officer Tramel testified that at 10:40 p. m. on the night in question in answer to a burglar alarm he went to the Dunbar Elementary School where he "saw three colored males inside the building". After gaining admittance to the building he arrested and handcuffed appellant inside the building on the second floor.

Appellant, testifying in his own behalf, stated that he went to the Dunbar School about six or seven in the evening to play basketball on the hardtop court outside the gym. He testified that he was arrested "on the court" at 9 or 9:30 p. m. and that he "had not been inside the building". Appellant also admitted a prior conviction for

burglary at an elementary school in which his sentence had been probated.

Appellant contends that the trial court erred in refusing to charge the jury that if they found appellant did not enter the building that they should acquit.

The court submitted the issue of appellant's guilt under the law of principals and authorized appellant's conviction if the jury found that he was present and advised or agreed to the commission of the offense. Nowhere in appellant's testimony does he deny that those he was arrested with had broken into the school or that he had acted with them as a principal in the breaking. He merely testified that he was not in the school at the time he was arrested.

An individual may be guilty of burglary, even though he actually did not enter the burglarized premises, if he acts as a principal. Therefore, appellant's testimony, standing alone, would not constitute a defense, let alone an affirmative defense requiring an additional charge.

In Dukes v. State, 161 Tex.Cr.R. 423, 277 S.W.2d 710, it was shown that several men participated in the robbery. It was contended on appeal that the trial court erred in failing to instruct the jury that they could not convict unless they found that appellant had participated with the others in the robbery. This Court said that since the trial court charged on principals and further charged the converse of the fact issue of defendant's participation in the robbery, as was done in the case at bar, this constituted an adequate submission from defendant's standpoint.

Appellant's further contention that the court erred in not submitting appellant's defense of alibi is without merit. Appellant did not testify that he was at another and different place at the time fixed by the officer's testimony. Thus, the defense of alibi was not raised.

Finding no reversible error, the judgment is affirmed.