Michael Wayne POWELL, Appellant,

v.

The STATE of Texas.

No. PD–0726–05.

Court of Criminal Appeals of Texas.

April 12, 2006.

Rehearing Denied June 28, 2006.

William H. "Bill" Ray, Fort Worth, for Appellant.

Michael R. Casillas, Asst. Criminal District Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion for a unanimous Court.

A grand jury indicted appellant for burglary of a habitation. TEX. PENAL CODE § 30.02. The state presented evidence at the guilt phase of trial that, during July 2002, appellant was present at the scene of a burglary, was later found in possession of a truck observed at the scene of the crime, and was identified by the complainant as a possible participant in the burglary. A jury convicted appellant of burglary of a habitation, and the judge sentenced appellant to twenty-eight years' confinement in the Texas Department of Criminal Justice—Correctional Institutions Division.

Appellant appealed, asserting that the trial court erred because the evidence was both legally and factually insufficient to support his conviction. *Powell v. State,* 161 S.W.3d 212 (Tex.App.-Fort Worth). The court of appeals, relying on *Jackson v. Virginia*[1] and TEX. PENAL CODE §§ 7.01, 30.02, reversed the guilty verdict and found that the evidence was legally insufficient to establish appellant's guilt beyond a reasonable doubt because no direct evidence linked appellant to the commission of the burglary. Viewing the evidence in a light most favorable to the verdict, the court of appeals also concluded that the state's case rested largely on circumstantial evidence and that the state had failed to prove that appellant, either acting alone

---

1. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

or as a party, entered the complainant's house without consent to commit or attempt to commit theft. Because it reversed appellant's conviction on the basis of legal insufficiency, the court of appeals did not address the factual sufficiency of the evidence in appellant's case. The state petitioned for discretionary review and we granted review on two grounds.[2] We reverse the judgment of the court of appeals and remand to that court for further deliberations.

## The Evidence

Testimony at the guilt phase showed that the complainant delivered lunch to her husband at work on the day of the offense and, when she returned home approximately fifteen minutes later, she found that her house had been burglarized and an unfamiliar truck was parked in the driveway. Some of the complainant's personal property was stacked near the door, and her husband's wallet was missing. As the complainant called the police from her cell phone, appellant approached her, offered to explain this seemingly suspicious situation, used verbally abusive language, and then left the scene in the unfamiliar truck without giving the promised explanation and without taking any of the stacked property. The complainant wrote down the license plate number of the truck and gave this information, as well as a physical description of appellant, to the Fort Worth police officer who responded to her call.

Shortly thereafter, in a nearby bank parking lot, other Fort Worth police officers found an unoccupied truck that matched the description provided by the complainant. Within minutes of locating the truck, Officer Michael Haley saw appellant running toward the truck. Appellant matched the physical description provided by the complainant, and he had in his hand a set of keys that was later determined to fit the ignition of the truck in the bank parking lot. According to testimony provided by one of the arresting officers, after his arrest appellant admitted that he owned the truck in question. Although at the time of his arrest appellant's shirt was a different color than the one described by the complainant, a witness for the state testified at the guilt phase that she had observed two men, one Caucasian and the other Hispanic, exchanging shirts on the sidewalk. The witness further testified that the Caucasian man matched appellant's general physical description (including the location of various tattoos), but that she was unable to positively identify appellant at trial.

The officers searched appellant's truck and found a letter addressed to appellant, as well as a pawn ticket with the name "Pete Perez" on it. As the officers drove to the complainant's house, they found the missing wallet, which had been discarded on the side of the road along the path that appellant had followed when he left the complainant's home. Police officers returned to the complainant's home with appellant, and the complainant identified appellant as the man who had accosted her. Testimony also revealed that the brother of the complainant's sister-in-law is named

**2.** "(1) Did the majority opinion interpret and apply correctly the law of parties relative to the charge of burglary;"

"(2) Did the majority err by not reviewing all the circumstantial evidence (including that evidencing appellant's consciousness of his guilt) and the combined cumulative force of the incriminating weight thereof in the light most favorable to the verdict and, thereby, violate not only the dictates of the binding precedent from this Court, but also the language of the Rules of Appellate Procedure requiring that issued opinions address every issue raised and necessary to the disposition of the appeal."

Pete Perez and that he plead guilty to the same burglary charged in this case.

### Sufficiency of Evidence

 The inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ross v. State,* 133 S.W.3d 618, 620 (Tex.Crim. App.2004). The same standard of review applies to cases involving direct or circumstantial evidence. *Burden v. State,* 55 S.W.3d 608, 613 (Tex.Crim.App.2001). Ordinarily, to hold evidence legally sufficient to sustain a conviction for burglary of a habitation, the evidence must demonstrate that: (1) an individual enters a habitation; (2) without the effective consent of the owner; (3) in order to commit or attempt to commit a felony, theft, or assault. TEX. PENAL CODE § 30.02(a)(3).

 However, pursuant to TEX. PENAL CODE §§ 7.01[3] and 7.02,[4] the law in Texas allows individuals to be charged as a party to an offense and to be held criminally responsible for the conduct of another when that individual acts in concert with another person in committing an offense. Circumstantial evidence alone may be used to prove that a person is a party to an offense. *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim.App.1987) (citing *Wygal v. State,* 555 S.W.2d 465 (Tex.Crim. App.1977)). Furthermore, a person can be convicted as a party even if the indictment does not explicitly charge him as a party. *Marable v. State,* 85 S.W.3d 287, 288 (Tex. Crim.App.2002).[5] The state suggests, in its first ground for review, that the court of appeals's reading of TEX. PENAL CODE § 7.01 erroneously requires appellant to actually enter the complainant's house before he can be found guilty of burglary of a habitation under the law of parties.[6]

 Generally, courts should interpret a statute according to its plain language. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). The statutory language of TEX. PENAL CODE § 7.01 is silent on the applicability of the law of parties as it pertains to burglary offenses. However, this Court has held previously that an individual may be guilty of burgla-

---

**3.** Tex. Penal Code § 7.01 Parties to Offenses
 (a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
 (b) Each party to an offense may be charged with commission of the offense.
 (c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

**4.** Tex. Penal Code § 7.02 Criminal Responsibility for the Conduct of Another
 (a) A person is criminally responsible for an offense committed by the conduct of another if:
 * * *

 (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense....

**5.** Here, the jury charge permitted appellant to be found guilty of the offense of burglary of a habitation whether he acted alone or as a party, provided that the state proved its case beyond a reasonable doubt.

**6.** At the end of its opinion, the court of appeals noted that "[t]he State was obligated to prove that Appellant, either acting alone or as a party, entered Complainant's house without consent with intent to commit theft or that he entered without consent and did commit or attempt to commit theft." *Powell,* 161 S.W.3d at 217.

ry of a habitation even though he does not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *Clark v. State,* 543 S.W.2d 125, 127 (Tex.Crim.App.1976) (citing *Smith v. State,* 496 S.W.2d 564 (Tex.Crim.App.1973)). The court of appeals appears to have incorporated an additional requirement—that appellant is required to actually enter the complainant's house in order to be found guilty of burglary of a habitation under the law of parties. This interpretation is supported by neither the statutory language of TEX. PENAL CODE § 7.01 nor the case law of this Court. We therefore sustain the state's first ground for review.

■ Intertwined with this analysis is the state's second ground for review, in which the state contends that the court of appeals failed to consider all circumstantial evidence, including appellant's consciousness of guilt and the overall cumulative weight of the evidence, in a light most favorable to the verdict. In determining whether an individual is a party to an offense and, therefore, subject to criminal responsibility, a reviewing court may consider the events before, during, and after the commission of the offense. *Porter v. State,* 634 S.W.2d 846, 849 (Tex.Crim.App. 1982). While the court of appeals correctly outlined the standard of review for determining legal sufficiency questions and acknowledged its limitations with respect to reviewing the weight and credibility of the evidence, the court of appeals inconsistently applied these legal principles in this case.

■ In a circumstantial—evidence case, it is unnecessary for every fact to point directly and independently to the guilt of the accused; rather, it is enough if the finding of guilt is warranted by the cumulative force of all the incriminating evidence. *Johnson v. State,* 871 S.W.2d

183, 186 (Tex.Crim.App.1993). Similarly, a reviewing court is permitted to consider all evidence in the trial-court record, whether admissible or inadmissible, when making a legal-sufficiency determination. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).

Here, however, the court of appeals did not focus on the totality of the evidence in the trial-court record. In particular, the court of appeals pointed out that the connection between appellant and Pete Perez is tenuous at best and that no evidence, aside from appellant's mere presence at the scene, tied appellant to the burglary of the complainant's house. The court of appeals also emphasized that neither appellant's fingerprints nor his DNA was found inside the complainant's house and that the state failed to present evidence that appellant owned the truck or possessed any of the stolen property at the time of arrest.

■ A thorough reading of the trial-court record indicates that appellant was identified by the complainant as the man she saw on her property. He was present at the crime scene, he was later found in possession of the truck (which he admitted owning) observed at the scene of the crime, and he hastily left the crime scene after verbally abusing the complainant. A state's witness testified that she saw a Caucasian male who matched appellant's general physical description exchanging shirts with an Hispanic male on the sidewalk near the crime scene. Appellant knows a man named Pete Perez, and a search of appellant's truck after his arrest uncovered a pawn ticket with the name "Pete Perez" on it. The "Pete Perez" known to appellant plead guilty to the same burglary charged in this case. The lack of fingerprint or DNA evidence inside the complainant's house is irrelevant because it is unnecessary for appellant to enter the complainant's house to be found

guilty under the law of parties,[7] and the jury was instructed on the law of parties.

This evidence, viewed in the light most favorable to the verdict, supports a finding that any rational trier of fact could have found appellant guilty of burglary of a habitation under the law of parties. We therefore sustain the state's second ground for review.

We reverse the judgment of the court of appeals and remand this cause to the court of appeals to address the factual-sufficiency grounds raised in appellant's brief.