Affirmed and Memorandum Opinion filed January 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01058-CR

___________________

 

ALEXIS RENE OBREAGON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 178th District Court

Harris County,
Texas



Trial Court Cause No. 1130245

 



 

 

MEMORANDUM OPINION

            Appellant, Alexis Rene Obreagon, appeals his
conviction for aggravated kidnapping.  In a single issue, appellant challenges
the legal and factual sufficiency of the evidence to support his conviction. 
We affirm.

I. 
Background

On August 23, 2007, the complainant left the
Metropolis Club at approximately 2:00 a.m.  She spoke with someone in the
parking lot for a few minutes and drove to her apartment complex, which was
four or five blocks from the club.  As she entered the gated complex, she
noticed that the security guard was absent.  She used her key card to open the
gate and observed a car follow her into the parking lot without using a key
card.  She watched the following car until she saw the car drive a different
direction from her apartment.  Thinking that the car was no longer following
her, the complainant parked her car, stepped out of the car, and was closing
the door when appellant’s co-defendant, Hector Montiel, placed a gun to her
head and forced her into the back seat of the car.  Appellant was driving the
car.  Montiel held her face down in the back seat while they drove away from
the apartment complex.

As they drove away, the complainant realized she
still had her cellular telephone.  She used the phone to dial 911, but was
unable to tell the 911 operator where she was or where she was being taken. 
Montiel realized that she used her cell phone and told appellant she had phoned
the police.  Montiel gave the cell phone to appellant who threw the phone out
of the window.  Montiel told the complainant to cooperate with them and that
they were “going to go one by one.”  At that moment, she realized they planned
to sexually assault her.  The car stopped and appellant told the complainant to
take off her blouse, which she did.  Montiel grabbed her legs and appellant
began driving again.  Montiel gave the gun he used to subdue the complaint to
appellant who placed it under the front seat.  They were eventually stopped by
a West University Police Officer to whom the complainant told what had
happened.

On cross-examination, the complainant testified that
appellant directed where they went and was giving instructions to Montiel.  She
also contradicted her previous testimony and stated that appellant, not
Montiel, had told her they would be “going one by one.”

Larry Toma, the West University Police Officer who
stopped appellant’s car, testified that he observed a small car make a sharp
left turn off of Buffalo Speedway without using a turn signal.  He followed the
car and observed several traffic violations, then saw the car park on the side
of the road for a short time.  When the car started driving again, Officer Toma
radioed for back-up and turned on his emergency lights to stop the car.  When
he approached the car, he saw a man and woman in the back seat and another man
driving.  The woman was hysterical, afraid, and yelling, “Help me, help me.” 
She was holding her clothes against her chest.  The woman reported to Officer
Toma that the men were going to sexually assault her.  He looked in the car and
saw the gun in plain view.

Appellant testified that as he and Montiel were
driving past the Metropolis Club, they saw the complainant, and Montiel told
appellant to turn around and park in the club parking lot.  When the
complainant left the club, Montiel told appellant to follow her.  Appellant
testified that Montiel threw the phone out of the car.  He further testified
that when the police officer stopped the vehicle, Montiel threw the gun at him
and he picked it up and put it under the seat.  Appellant denied saying
anything to the complainant and said he went along with the kidnapping because
he felt threatened by Montiel.

Appellant was convicted of aggravated kidnapping and
sentenced to 60 years in prison.

II.  Legal
and Factual Sufficiency

In a single issue, appellant challenges the legal and
factual sufficiency of the evidence to support his conviction.  In reviewing a
legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of a crime beyond a reasonable doubt. Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the trier
of fact, is the sole judge of the credibility of the witnesses and of the
strength of the evidence. Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of
the testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In evaluating the factual sufficiency of the
evidence, we view all the evidence in a neutral light and will set aside the
verdict only if we are able to say, with some objective basis in the record,
that the conviction is clearly wrong or manifestly unjust because the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  We do not intrude
upon the fact-finder’s role as the sole judge of the weight and credibility of
witness testimony.  See id. at 417; Fuentes, 991 S.W.2d at 271.

A person commits aggravated kidnapping if he
intentionally or knowingly abducts another person with the intent to violate or
abuse the victim sexually or uses or exhibits a deadly weapon during the
commission of the offense. Tex. Penal Code Ann. § 20.04 (Vernon 2003).  Appellant
contends there is legally and factually insufficient evidence to support his
conviction because the State failed to prove that he had the intent to kidnap
the complainant.

III. 
Criminal Responsibility as a Party

The jury was instructed on the law of parties under
Texas Penal Code section 7.02(a)(2).  Under section 7.02(a)(2), a person is
criminally responsible for the conduct of another if, “acting with the intent
to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense.”  Tex.
Penal Code Ann. § 7.02(a)(2).  Evidence is sufficient to convict under the law
of parties where the accused is physically present at the commission of the
offense and encourages its commission by words or other agreement.  Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  In determining
whether an accused participated as a party, the fact-finder may examine the
events occurring before, during, and after the commission of the offense and
may rely on actions of the accused that show an understanding and common design
to commit the offense.  Id.  Though mere presence does not automatically
make one a party to a crime, it is a circumstance tending to prove party status
and, when considered with other facts, may be sufficient to prove that the
defendant was a participant.  Davis v. State, 195 S.W.3d 311, 320 (Tex. App.—Houston
[14th Dist.] 2006, no pet.).  The jury may rely on circumstantial evidence and may
infer intent from appellant’s acts, words, or conduct.  See Powell v. State,
194 S.W.3d 503, 506 (Tex. Crim. App. 2006); Ransom, 920 S.W.2d at 302.

Appellant contends he was merely the driver and was
performing a favor for Montiel in driving him where Montiel directed him.  The
complainant testified, however, that appellant threw her cell phone out of the
window, instructed Montiel on where they were going, and told the complainant
to remove her clothes.  Appellant admitted that he knew the back doors to the
car were locked and that he hid the gun under the seat before the police
officer arrived.  Viewing the evidence in the light most favorable to the
verdict, a reasonable jury could have found appellant’s actions were sufficient
to support a conviction as a party for aggravated kidnapping.  Further, viewing
the evidence in a neutral light, the evidence supporting the conviction is not
so weak that the jury’s determination is clearly wrong and manifestly unjust,
nor does the conflicting evidence so greatly outweigh the evidence supporting
the conviction that the jury’s determination is manifestly unjust.

IV.  Duress

Appellant further challenges the jury’s rejection of
his duress defense.  Duress is an affirmative defense requiring the defendant
to prove by a preponderance of the evidence that he committed the offense
“because he was compelled to do so by threat of imminent death or serious
bodily injury to himself or another.”  Tex. Penal Code Ann. §§ 2.04(d) (Vernon
2003), 8.05(a) (Vernon 2003); Edwards v. State, 106 S.W.3d 833, 843
(Tex. App.—Dallas 2003, pet. ref’d).  To establish compulsion, a defendant must
prove that “the force or threat of force rendered a person of reasonable
firmness incapable of resisting the pressure.”  Tex. Penal Code Ann. § 8.05(c);
Edwards, 106 S.W.3d at 843.  When courts of appeals are called upon to
examine whether a defendant proved his affirmative defense or other fact issue
where the law has designated that the defendant has the burden of proof by a
preponderance of evidence, the correct standard of review is whether after
considering all the evidence relevant to the issue at hand, the judgment is so
against the great weight and preponderance of the evidence so as to be
manifestly unjust.  Meraz v. State, 785 S.W.2d 146, 154 (Tex. Crim. App.
1990).  We will find the evidence factually sufficient to support the rejection
of a claim of duress where the evidence shows that the defendant intentionally,
knowingly, or recklessly placed himself in a situation in which it was probable
that he would be subjected to compulsion. See Tex. Penal Code Ann. §
8.05(d).

Viewing the evidence under the appropriate standard,
we cannot conclude the overwhelming weight of the evidence supports appellant’s
claim of duress.  Other than Montiel carrying a gun, nothing in the record
supports appellant’s claim that he was compelled to act because he felt
threatened.  The record reflects that appellant voluntarily drove the car,
followed the complainant to her apartment complex, threw the complainant’s
phone out of the car, drove across town, demanded that the complainant remove
her clothes, and attempted to hide the gun before the police arrived. 
Accordingly, the evidence supports the jury’s rejection of appellant’s duress
defense.

Appellant’s sole issue is overruled and the judgment
of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).