Opinion issued December 15, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00797-CR

———————————

Rassium Stephon
Franklin, Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 185th District Court

Harris
County, Texas



Trial Court Case No. 1243477

 



 

MEMORANDUM OPINION

Appellant, Rassium Stephon Franklin, was
charged by indictment with aggravated robbery.[1]  Appellant pleaded not guilty.  The jury found him guilty and assessed
punishment at six years in prison and a $1,000 fine.  In three issues, appellant argues (1) the
non-accomplice-witness evidence was insufficient to corroborate the accomplice
witness’s testimony that appellant was involved in the commission of the crime
and (2) the evidence is insufficient to support the jury’s guilty verdict.

We affirm.

                                                                                                                                                                
Background

Amir Khan and his wife operate a Citgo gas station in
Humble, Texas.  Around 10:00 p.m. on
December 2, 2009, Khan was alone in the station’s convenience store. It was almost
closing time, and he had already cleaned the restrooms for the night.

Around this time, a Buick Cutlass pulled into the station
and stopped at a gas pump.  Cameron Davis
exited the front-passenger side of the vehicle and entered the convenience
store.  Davis gave Khan ten one-dollar
bills for gas.  Khan opened the register
and began counting the money. When he finished counting, he saw Davis had moved
to the side of the counter and could see into the register.  Khan put the money in the register and closed
it.

Davis then asked to use the restroom.  Khan gave Davis the keys for the
restroom.  When Davis came out, he
informed Khan that the toilet was not working properly.  Davis then left to fill the car with gas.

After Khan saw the car leave, he went into the restroom to
fix the toilet.  It was clogged with
toilet paper, and the water valve had been shut off.  As Khan was fixing the toilet, the power to
the building went off.  He rushed out of
the restroom, and found two black males in the convenience store.  One pointed a gun at him and ordered him to
the ground.  Khan became afraid for his
life and pleaded for the man with the gun not to shoot him.  The armed man told him to go to the register
and open it.  Khan went to the register
but explained it could not be opened with the power off.  The two black men told a third black man to
turn the power back on.  Khan saw that
this third man was Davis.  

Davis restored power to the building.  Khan opened the register.  The power was subsequently turned back
off.  The armed man took the money and
Davis took many packs of cigarettes.  The
three men left.  A few minutes later,
Khan used his cell phone to call the police.

Surveillance video footage of the premises shows the
Cutlass pulling into the station, Davis exiting the car and entering the
convenience store, Davis putting gasoline into the car, the car leaving the
property and then backing up onto the property, 
and the car parking along the side of the convenience store.  The videos stop at the time the power to the
building was turned off.  Based on the
surveillance video footage, Officer S. Martin, a police officer with the Humble
Police Department, obtained a description of the vehicle involved in the crime.

The next evening, appellant and Davis were driving in the
Cutlass. According to Davis, they decided to drive by the Citgo to see if there
were any police officers there.  As they
passed through the area, Officer Martin saw the vehicle, which matched the
depiction of the vehicle in the surveillance video.  Officer Martin followed the vehicle until he
observed a traffic violation, and pulled the car over.  He then took appellant and Davis into
custody.

Detective E. Squier, also with the Humble Police
Department, conducted the custodial interrogation of both appellant and Davis.  Appellant admitted to being at the scene of
the crime and acknowledged the car was his girlfriend’s, but denied any
involvement.  Detective Squier asserted
there were only three people in the car and asked appellant who the third
person was.  Appellant told Detective
Squier he did not know who the other guy was.

Davis confessed to the crime.  He identified appellant as the one who
pointed the weapon at Khan and took the money. 
According to Davis, the three men divided the money and cigarettes later
that night.  He was charged with
aggravated robbery for the offense. 
Subsequently, Davis entered into an agreement with State prosecutors to
testify against appellant in exchange for a recommended sentence between
probation and 15 years in prison.

The Cutlass involved in the crime was owned by Jasmine
Johnson, appellant’s girlfriend at the time of the offense.  Johnson testified at trial that she had given
appellant her car to use on the evening of December 2.  She testified that Davis was with appellant
when she last saw him.  She also
testified that appellant had her car the next day when he was arrested.  She retrieved her car later from an impound
lot.

                                                                                                                    
Non-Accomplice-Witness Evidence

In his second issue, appellant argues the
non-accomplice-witness evidence was insufficient to corroborate Davis’s
testimony that appellant was involved in the commission of the crime.

A.              
Standard of Review & Applicable Law

“A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and corroboration is not sufficient if it
merely shows the commission of the offense.” 
Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005).  In conducting
this review, we must eliminate the accomplice witness’s testimony from
consideration and then examine the remaining evidence to determine whether
there is evidence that tends to connect the defendant with the offense.  McDuff
v. State, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997).  The non-accomplice evidence does not need to
be, by itself, sufficient to establish guilt beyond a reasonable doubt, nor
does the evidence have to directly link the accused to the commission of the
offense.  Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).  Instead, there need only be some
non-accomplice evidence that tends to connect the appellant to the commission
of the offense.  McDuff, 939 S.W.2d at 613.

“While the accused’s mere presence in the company of the
accomplice before, during, and after the commission of the offense is
insufficient by itself to corroborate accomplice testimony, evidence of such
presence, coupled with other suspicious circumstances, may tend to connect the
accused to the offense.”  Dowthitt, 931 S.W.2d at 249.  The cumulative weight of suspicious
circumstances may tend to connect the accused to the charged offense, even if
no circumstances are sufficient to do so individually.  Yost v.
State, 222 S.W.3d 865, 872 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).

B.              
Analysis

It is undisputed by the parties that Davis was an
accomplice witness, and the trial court instructed the jury accordingly.  See
Smith v. State, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011) (holding person
who has been indicted for same or lesser-included offense is accomplice witness
as matter of law).  We determine, then,
whether there was some evidence, other than Davis’s testimony, connecting
appellant to the commission of the offense.

Appellant admitted to Deputy Squier that he was present at
the scene of the crime.  He said they
were in his girlfriend’s car and acknowledged that that they got gas.  The surveillance video footage of the events
just before the commission of the crime shows Davis filling the car with gas.  Davis returned to the car, and the car left
the premises.  The car then stopped and
drove in reverse back onto the Citgo premises. 
The car was parked in a place where it could not be seen by Khan while
Khan was inside the convenience store. 
This was also near the box containing the power switch for the
building.  The video footage shows Davis
exiting the vehicle from the front passenger-side seat and another male exiting
from the rear passenger-side seat.  Davis
then approached the box with the power switch as the driver began to exit the
vehicle.  Khan testified that the robbery
occurred just after the power was turned off. 

The surveillance video footage shows that, immediately
prior to the robbery, the only people on the premises were Khan and the occupants
of appellant’s girlfriend’s car.  The
video footage of the area by the power switch shows that the rear driver’s-side
seat was unoccupied.  During appellant’s
custodial interrogation, Detective Squier asserted there were only three people
in the car and asked appellant who the third person was.  Appellant told Detective Squier he did not
know who the other guy was, indicating that there were in fact only three
people in the car.  Khan testified that
three people were involved in the robbery. 


We hold that the cumulative weight of this non-accomplice
evidence tends to connect appellant to the commission of the offense.  We overrule appellant’s second issue.

                                                                                                                                   
Sufficiency of the Evidence

In his first and third issues, appellant argues the
evidence is insufficient to support the jury’s finding of guilt.[2]

A.              
Standard of Review

This Court reviews sufficiency-of-the-evidence challenges
applying the same standard of review, regardless of whether an appellant
presents the challenge as a legal or a factual sufficiency challenge.  See
Ervin v. State, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010,
pet. ref’d) (construing majority holding of Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010)).  This standard of review is the standard
enunciated in Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  See id.
 Pursuant to this standard, evidence is
insufficient to support a conviction if, considering all the record evidence in
the light most favorable to the verdict, no rational fact finder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; In re Winship, 397 U.S. 358, 361, 90 S. Ct.
1068, 1071 (1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under
the Jackson standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense, or (2) the evidence
conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n.11; see also Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.

The sufficiency-of-the-evidence
standard gives full play to the responsibility of the fact finder to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An appellate court presumes that the fact
finder resolved any conflicts in the evidence in favor of the verdict and
defers to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Clayton,
235 S.W.3d at 778.  Finally, the
“cumulative force” of all the circumstantial evidence can be sufficient for a
jury to find the accused guilty beyond a reasonable doubt.  See
Powell v. State, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

B.              
Analysis

As it applies to appellant, a person commits aggravated
robbery if he commits robbery and he uses or exhibits a deadly weapon.  Tex.
Penal Code Ann. § 29.03(a)(2) (Vernon 2011).  As it applies to appellant, a person commits
robbery if, in the course of committing theft with the intent to obtain or
maintain control of the property, he intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.  Id.
§ 29.02(a)(2) (Vernon 2011).  A
person commits theft if he unlawfully appropriates property with intent to
deprive the owner of property.  Id. § 31.03(a) (Vernon Supp. 2011).

In addition the evidence reviewed in considering the
non-accomplice evidence, we have the testimony of Davis.  He identified appellant as the one who
pointed the weapon at Khan.  Appellant
pointed the gun at Khan when Khan came out of the bathroom.  Khan became afraid for his life and pleaded
for appellant not to shoot him. 
Appellant told him to go to the register and open it.  Khan went to the register but explained it
could not be opened with the power off. 
Appellant and Marcus told Davis to turn the power back on.   Davis restored power to the building.  Khan opened the register.  The power was subsequently turned back
off.  Appellant took the money and Davis
took many packs of cigarettes.

We hold there is sufficient evidence to support the jury’s
finding of guilt.  We overrule appellant
first and third issues.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. §§ 29.02(a),
29.03(a) (Vernon 2011), § 31.03(a) (Vernon Supp. 2011).





[2]           Appellant states in his first issue that the evidence was
legally and factually insufficient to support the jury’s finding of guilt.  He states in his third issue that the trial
court erred in denying his motion for instructed verdict.  As appellant acknowledges, a complaint on
appeal about the denial of an instructed verdict is treated as a challenge to
the legal sufficiency of the evidence to support the conviction.  See
Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).  Accordingly, we consider these issues
together.