

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| FERNANDO MAGALDE, | | No. 08-12-00064-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20100D06141) |
| | § | |

**O P I N I O N**

Following a jury trial, Fernando Magalde was convicted of unlawful restraint. He was sentenced to 365 days' imprisonment. Appellant timely filed this appeal whereby he challenges the sufficiency of the evidence to support his conviction. For the reasons that follow, we affirm.

**PROCEDURAL BACKGROUND**

Appellant was charged in a three count indictment with robbery (Count I), aggravated kidnapping (Count II), and unlawful use of a motor vehicle (Count III). A jury found him not guilty of robbery and unlawful use of a motor vehicle as alleged in Counts I and III. It also found Appellant not guilty of aggravated kidnapping as alleged in Count II, but returned a guilty verdict on the lesser-included offense of unlawful restraint. At issue is the sufficiency of the evidence to show his intent to restrain the complaining witness, Melissa Maribel Ferrera.

## SUFFICIENCY OF THE EVIDENCE

### *Standard of Review*

We review a challenge to the legal sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318-20, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894 (Tex.Crim.App. 2010). Under the *Jackson* standard, we consider all the record evidence in the light most favorable to the verdict and determine whether a rational jury could have found each element of the offense was proven beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 317-19, 99 S.Ct. at 2788-89; *Laster v. State*, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009).

In conducting our review, we must recognize and respect that the jury is the sole judge of the weight and credibility of witness testimony, and that it is the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). On appeal, we presume that the jury resolved any conflicts in the evidence in favor of the verdict and, so long as such resolution is rational, we defer to that resolution. *Brooks*, 323 S.W.3d at 894-95; *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793.

In viewing the record, we treat direct and circumstantial evidence equally. *Clayton*, 235 S.W.3d at 778. In determining the sufficiency of the evidence, a reviewing court examines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*., *quoting Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). The "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a

reasonable doubt, even if every fact does not "point directly and independently to the guilt of the accused." *See Powell v. State*, 194 S.W.3d 503, 507 (Tex.Crim.App. 2006).

### *Unlawful Restraint*

A person commits the offense of unlawful restraint if that person "intentionally or knowingly restrains another person." TEX.PEN.CODE ANN. § 20.02(a)(West 2011). In this context, "restrain" means "to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." *Id*. at § 20.01(1). Restraint is without consent if it is accomplished by "force, intimidation, or deception." *Id*. at § 20.01(1)(A).

### *Proof of Intent to Restrain*

At trial, the complainant Melissa Maribel Ferrera testified about the incident giving rise to Appellant's conviction. On July 17, 2010, Ferrera was with her three children and Appellant at a friend's home. At that time, Ferrera and Appellant had been dating for approximately six years. Appellant is the father of two of her three children. On the night in question, Appellant had been drinking, but Ferrera had not. At some point, everyone decided to go to a festival. Ferrera rode in her car with Appellant and one of their daughters. Appellant was driving the vehicle.

Once they arrived at the festival, Ferrera and Appellant got into an argument because she refused to get out of the vehicle. Appellant was very drunk which caused a problem because he would get jealous when she was with him. Appellant started the vehicle again, and as Ferrara turned her head to the side, he hit her. Before the vehicle began moving, Ferrera tried to exit the vehicle for fear that Appellant would continue to hit her. Appellant grabbed her by the hair with one hand and was hitting her with one hand. Ferrera attempted to call the police, but before she

could dial the number, Appellant took away her cell phone. Appellant then drove to his mother's house with Ferrera and her daughter still in the car. On the way, Appellant continued to grab Ferrera by the hair to stop her from trying to escape. After they reached their destination, Appellant took their daughter and told Ferrera to stay put. Ferrera got out of the car and started to run. Appellant returned and started hitting her again until his mother intervened.

On appeal, Appellant does not attack the credibility of Ferrera's testimony. Instead, he argues that he only grabbed Ferrera's hair for her own protection.

> Appellant's hitting Ms. Ferrera was wrong, but he *may* have grabbed her by the hair to keep her from hurting herself since the truck was moving. If she had jumped out of a moving truck, she would have landed on the pavement hurting herself and *might have been* run over by the truck. [Emphasis added].

Appellant further contends that "[g]rabbing the complainant by the hair while the truck was moving to keep her from getting out of the truck and telling her not to get out of the truck when he arrived at his mother's house did not qualify as preventing her liberation by secretion or deadly force." Essentially, Appellant argues that the possibility he was acting to protect Ferrera against hurting herself by jumping from a moving vehicle negates the requisite intent required to prove unlawful restraint.

The jury is the sole judge of the weight and credibility of witness testimony and it is their responsibility to draw reasonable inferences from basic facts to the ultimate facts. *See Hopper*, 214 S.W.3d at 13. Ferrera testified that she told Appellant she did not want to go with him to his mother's house, but that Appellant grabbed her hair and hit her, preventing her from getting out of the vehicle. Based on Ferrera's testimony, a rational jury could have found that Appellant intentionally and knowingly confined Ferrera without her consent by force or intimidation. The evidence is sufficient to support the jury's verdict of guilty of unlawful restraint. We overrule Issue One and affirm the trial court's judgment.

- 4 -

March 28, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)