

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00100-CR

**CHRISTOPHER MICHAEL HERNANDEZ,**

        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

        **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 11-06139-CRF-361

## MEMORANDUM OPINION

The jury convicted Christopher Michael Hernandez of the offense of murder and assessed his punishment at 37 years confinement and a $5,000.00 fine. We affirm.

### Sufficiency of the Evidence

In the fourth issue, Hernandez argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Travis Carroll and his girlfriend Bianca Cook went to Billy Menard's apartment to sell him marijuana, and Menard took the marijuana without paying for it. Carroll and Cook left the apartment because there were other people at the apartment and Carroll was concerned that they might be armed. Carroll called Clayton Thompson to help him get the marijuana back. Thompson contacted Hernandez for a ride to Carroll's house. After some discussion at Carroll's house, the three left there and went to Menard's apartment with Hernandez driving.

After arriving at the apartment complex, Hernandez parked his pickup and all three got out of the vehicle. Hernandez had a pistol and Thompson had a shotgun. They went up the stairs to Menard's apartment while Carroll stayed downstairs. Thompson tried to push the door to the apartment open, and Menard was trying to hold the door closed. Hernandez gave a statement in which he admitted firing shots through the door, but stated that he fired the shots low. Hernandez knew that Menard was on the other side of the door. Thompson fired the shotgun through the door, and Hernandez saw blood coming from underneath the door. Menard died from a single gunshot wound to the side of his head. They returned to the pickup and all three left with Hernandez driving.

The jury charge authorized the jury to find Hernandez guilty under the law of parties or as a conspirator. Hernandez argues that the evidence is insufficient to support his conviction as a party to the offense or as a conspirator.

When a jury is charged on the law of parties, a person may be convicted as a party to an offense, if the offense is committed by his own conduct or by the conduct of

another for which he is criminally responsible. TEX. PENAL CODE ANN. § 7.01(a) (West 2011). In determining whether the evidence is sufficient to prove that a defendant participated as a party in committing an offense, we look to "events before, during, and after the commission of the offense." *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006); *Pollard v. State*, 392 S.W.3d 785, 800 (Tex. App.-Waco 2012, no pet.)

A person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

A person is a conspirator under the law of parties if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators. *See* TEX. PENAL CODE ANN. § 7.02(b) (West 2011). If the felony actually committed should have been anticipated as a result of carrying out the conspiracy, then all conspirators are guilty of the felony actually committed, even if they had no intent to commit it. *Powell v. State*, 194 S.W.3d at 507; *Pollard v. State*, 392 S.W.3d at 800.

A person commits the offense of murder if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

The record shows that Hernandez drove Thompson and Carroll to Menard's apartment to retrieve marijuana. Hernandez was armed with a pistol and Thompson

was armed with a shotgun when they went up the stairs to Menard's apartment. Hernandez and Thompson both shot through the door of the apartment knowing Menard was on the other side of the door. Hernandez then drove them from the scene of the offense. The evidence is sufficient to support Hernandez's conviction for the offense of murder. We overrule the fourth issue.

## Duress

In the first issue, Hernandez argues that the trial court erred in denying his requested jury instruction on the defensive theory of duress. It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another. TEX. PENAL CODE ANN. § 8.05 (a) (West 2011).

The affirmative defense of duress is, on its face, a confession-and-avoidance or "justification" type of defense. *Rodriguez v. State*, 368 S.W.3d 821,824 (Tex.App – Houston [14th Dist.] 2012, no pet). The confession-and-avoidance doctrine requires the defendant to first admit that he "engaged in the proscribed conduct" by admitting to all elements of the underlying offense, then claim that his commission of the offense is justified because of other facts. *Id*. A defendant's failure to testify, stipulate, or otherwise proffer defensive evidence admitting that he "engaged in the proscribed conduct" prevents the defendant from benefitting from the defense of duress. *Rodriguez v. State*, 368 S.W.3d at 825.

Hernandez did not testify at trial or stipulate to any evidence admitting that he engaged in the proscribed conduct. Hernandez gave a statement to the police in which

he initially denied any participation in the offense. Hernandez later admitted being present at the scene of the offense and to shooting the pistol at the door, but stated that he intentionally missed Menard. Hernandez did not sufficiently admit that he "engaged in the proscribed conduct" because he admitted participation in the offense at one point in his statement, which was introduced into evidence by the State over Hernandez's objection. *Rodriguez v. State*, 368 S.W.3d at 825. "That the prosecutor tendered evidence of guilt does not permit one to rationally deduce that the defendant admits to the veracity of the evidence tendered," much less the veracity of one of multiple conflicting accounts reflected in that evidence. *Id*. Hernandez was not entitled to an instruction on the defense of duress. We overrule the first issue.

**Admission of Evidence**

In the second and third issues, Hernandez argues that the trial court erred in admitting evidence. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

In the second issue, Hernandez argues that the trial court erred in admitting testimony concerning the statements of Carroll and Thompson. Detective Shawn Davis testified at trial concerning statements made by both Carroll and Thompson. Hernandez complains that Detective Davis's testimony that Carroll said Hernandez had the pistol when they left his residence was inadmissible. Hernandez further complains

that Detective Davis's testimony that Thompson said that the three co-defendants reached a plan at Carroll's house to go after Menard and that Thompson said Hernandez also tried to get into Menard's apartment were inadmissible.

Hernandez contends that the statements made by Carroll and Thompson to Detective Davis were impermissible hearsay. There is an exception to the hearsay rule for statements against interest. TEX. R. EVID. 803 (24). The exception for statements against pecuniary, penal, or social interest stems from the commonsense notion that people ordinarily do not say things that are damaging to themselves unless they believe they are true. *Walter v. State*, 267 S.W.3d 883, 890 (Tex. Crim. App. 2008). Thus, a reasonable person would not normally claim that he committed a crime, unless it were true. *Id*. The rule sets out a two-step foundation requirement for admissibility. First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made that statement. *Id*. Second, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. *Walter v. State*, 267 S.W.3d at 891.

Statements against penal interest fall into three general categories: Some inculpate only the declarant; others inculpate equally both the declarant and a third party, such as a co-defendant; still others inculpate both the declarant and third party, but also shift blame by minimizing the speaker's culpability. *Id*. Both statements that are directly against the declarant's interest and collateral "blame-sharing" statements may be admissible under Rule 803(24), if corroborating circumstances clearly indicate

their trustworthiness. *Walter v. State*, 267 S.W.3d at 896. "Blame-shifting" statements that minimize the speaker's culpability are not, absent extraordinary circumstances, admissible under the rule.

The statements made to Detective Davis were that Carroll, Thompson, and Hernandez planned to go to Menard's to retrieve the marijuana. The statement by Carroll that Hernandez left the residence with a weapon conflicts with Hernandez's testimony, but does not shift the blame to Hernandez. Thompson's statements shows that both he and Hernandez tried to get into the apartment and that both shot at the door. Again we find that those statements do not shift the blame to Hernandez. We find that the statements were admissible under Rule 803 (24). We overrule the second issue.

In the third issue, Hernandez argues that the trial court erred in admitting portions of his recorded interview. Detective Stephen Fry interviewed Hernandez and a recording of that interview was played before the jury. During the interview, Detective Fry told Hernandez about statements that Carroll and Thompson made that Hernandez was upset with Menard over a previous drug transaction. Hernandez argues that the statement was impermissible hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Detective Fry's statements and questions to Hernandez were made in order to encourage Hernandez to talk to him about the offense. The statements were not offered to prove the truth of the matter asserted, but rather to provide the context

for the interview.  The trial court did not err in admitting the statement.  We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
[CRPM]

