

**NUMBER 13-12-00669-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**BONNIE M. JAMERSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 432nd District Court
of Tarrant County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Chief Justice Valdez**

By three issues, which we address as two, appellant, Bonnie M. Jamerson, challenges her conviction for the state-jail felony offense of securing execution of a document by deception. *See* TEX. PENAL CODE ANN. § 32.46 (West 2011). By her first issue, appellant argues that the evidence was insufficient to support the conviction. By her second issue, appellant contends that the trial court violated her sixth amendment

confrontation clause rights by admitting an allegedly deceptive financial statement when the employee that prepared the document did not testify and was not available for cross-examination. We affirm.[1]

## I. BACKGROUND

Appellant was indicted for the felony offense of securing execution of a document by deception. *See id.* At a bench trial, the State alleged that appellant intentionally failed to report income to the Arlington Housing Authority. The State introduced evidence that appellant was enrolled in the Arlington Housing Authority's Section Eight Housing Assistance Program. The State introduced two annual reexamination forms from October 14, 2004 and October 12, 2005.[2] In the sections on these forms requiring her to report her income, appellant only listed social security payments she received. The State's witness, James Weddle, an employee coordinator with the Arlington Housing Authority, testified that the reexamination form is an application filed by those enrolled in the program and used by the department to determine the applicant's eligibility for the housing assistance program. The reexamination form was signed by appellant and Amber Sluder. Weddle testified that Amber Sluder was the representative who, per department policy, reviewed the form with appellant while she filled it out. He testified that department employees read the forms and give examples to applicants but that "primarily, the families will complete the applications." Weddle testified that he had no personal knowledge of appellant's application.

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The trial court overruled appellant's trial counsel's hearsay and confrontation clause objections to the introduction of these documents.

Next, the State called Linda Cooper, human resource director with the YMCA in Arlington. The prosecutor approached Cooper and presented her YMCA records and W-2 tax forms admitted into evidence as Exhibit Six. The forms indicated that appellant earned $9,769.33 in 2004, $272.50 in 2005, and $8,228.08 in 2006 as an employee at the YMCA. On cross-examination, Cooper admitted that she had no personal knowledge of appellant's employment at the YMCA.

The State then called Agent Rolando Melendez of the federal Department of Housing and Urban Development (HUD). Melendez testified that he was charged with investigating appellant's case after Weddle referred it to him. He stated that he reviewed appellant's documents filed with the Arlington Housing Authority and interviewed appellant. Melendez identified appellant as the person he interviewed. The following exchange occurred between the prosecutor and Melendez:

Q:      [Prosecutor]: So did you begin to inquire of her about her unreported income that she had received from the YMCA of Arlington?

A:      Yes, ma'am.

Q:       And did that specifically include the years of 2004, 2005 and 2006?

A:      Yes, ma'am.

[Trial court overrules defense counsel's hearsay objection]

. . . .

Q:      [Prosecutor] Did she admit to you that she had worked at the YMCA of Arlington during those years?

A:      Yes, ma'am.

3

Q:    And did she also admit that she knew she was to have reported that income on her applications for assistance and yet she failed to do that?

A:    Yes, ma'am.

Q:    But did she also tell you she believed she had a reason—

. . . .

Q.    [Prosecutor] Did she say anything further regarding her failure to report that income on the assistance documents?

A:    Yes, ma'am.

Q:    What was it that she said?

A:    She said the reason for not reporting the income is—was she had a lot of medical bills.

At the close of evidence, the trial court found appellant guilty, sentenced her to 180 days in the State Jail Division of the Texas Department of Criminal Justice, probated for a period of five years, and ordered her to pay restitution in the amount of $5,350. This appeal ensued.

## II.    SUFFICIENCY

Appellant complains that the evidence was insufficient to support her conviction.

### A. Standard of Review

When reviewing a case for sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, "we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative

force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.* at 879 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "We must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant" committed the crime for which the jury found him guilty. *Id.* "It is the obligation and responsibility of appellate courts 'to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Id.* at 882 (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). However, we give deference to the responsibility of the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

When conducting a sufficiency review, we consider all evidence in the record of the trial, whether it was admissible or inadmissible. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006) ("[A] reviewing court is permitted to consider all evidence in the trial court record, whether admissible or inadmissible, when making a legal-

sufficiency determination."); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) ("When conducting a sufficiency review, we consider all the evidence admitted, whether proper or improper.").

## B. Applicable Law and Analysis

To obtain a conviction, the State was required to prove that appellant, by deception, with intent to defraud or harm any person, caused another to sign or execute any document affecting property or service or the pecuniary interest of any person. *See* TEX. PENAL CODE ANN. § 32.46.

Here, the State presented documentary evidence that appellant completed a reexamination form, which the department of housing used to determine that she was eligible for the housing assistance it provided her, and failed to report income earned from her employment at the YMCA. Appellant's signature appeared on the form along with an explanation that she was required to notify the housing authority of any changes in rent or income. Furthermore, the State elicited testimony from HUD Agent Melendez that appellant stated that she knew she had to report her income but did not do so because "she had a lot of medical bills." While appellant argues that the evidence was insufficient to identify her as the person who filled out the reexamination forms, Melendez specifically identified appellant at trial and testified that she admitted to failing to report income. Melendez's testimony was therefore sufficient to identify appellant and prove appellant's intent to defraud.

Appellant further argues that the evidence was insufficient because no one with personal knowledge of the contents of the documents admitted testified at trial and because Melendez's testimony was hearsay. However, regardless of the admissibility

6

of this evidence at trial, we must consider it in our review of the sufficiency of the evidence.[3] *See Powell*, 194 S.W.3d at 507; *Conner*, 67 S.W.3d at 197. And to the extent appellant's assertions that the evidence is hearsay and is not derived from personal knowledge can be construed as an argument regarding the credibility of the witnesses and weight of the evidence, it was the duty of the trial court to make these factual determinations, and we cannot replace its judgment with our own. *See Hooper*, 214 S.W.3d at 13. Accordingly, viewing the evidence in the light most favorable to the verdict, we find that the inconsistency between the interview document and the paystubs, as well as the testimony that appellant admitted to committing the crime, comprise legally sufficient evidence to support the verdict. *See Winfrey*, 323 S.W.3d at 878–79.

We overrule appellant's issues regarding the sufficiency of the evidence.[4]

## III. CONFRONTATION CLAUSE

Appellant contends that the admission of the reexamination forms in Exhibit One violated her sixth amendment confrontation clause rights because the housing authority employee who signed the documents, Sluder, was unavailable for cross-examination.

### A. Applicable Law

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. A testimonial hearsay statement may be admitted into evidence only if the witness is unavailable and

---

[3] Furthermore, the trial court overruled all objections made to this evidence. On appeal, Appellant does not challenge the trial court's ruling on appellant's hearsay objection to Melendez's testimony, and we find, later in this opinion, that the admission of the reexamination forms did not violate appellant's confrontation clause rights.

[4] Appellant also argues, in a third issue, that the trial court erred by denying her motion for directed verdict because the evidence was insufficient.

the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68–69 (2004)*; see also Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2710 (2011) (holding that the Confrontation Clause prohibits the introduction of a testimonial forensic laboratory test report through the in-court testimony of a scientist who neither performed nor observed the test reported). However, "[t]he Sixth Amendment does not bar the admission of non-testimonial hearsay." *Sanchez v. State*, 354 S.W.3d 476, 485 (Tex. Crim. App. 2011) (citing *Michigan v. Bryant*, 131 S. Ct. 1143, 1153 (2011)). And only those portions of otherwise admissible documents that contain testimonial statements are inadmissible. *Smith v. State*, 297 S.W.3d 260, 276 (Tex. Crim. App. 2009).

"Generally, a hearsay statement is testimonial 'when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution.'" *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (quoting *Davis v. Washington,* 547 U.S. 813, 822–23 (2006)); *see also Melendez-Diaz v. Mass*, 557 U.S. 305, 329 (2009) (finding that the confrontation clause does apply to analysis of test results). Furthermore, Texas courts have recognized the distinction between "a factual description of specific observations or events that is akin to testimony" and "official records that set out a sterile and routine recitation of an official finding or unambiguous factual matter such as a judgment of conviction or a bare-bones disciplinary finding," which are not considered testimonial. *Id.; see Segundo v. State*, 270 S.W.3d 79, 106–07 (Tex. Crim. App. 2008) (holding that "language that does not contain any such testimonial statements, narratives of specific events, or written

8

observations" is non-testimonial); *Russeau v. State*, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005) (holding that specific incident reports written by corrections officers graphically documenting their detailed observations of the defendant's numerous disciplinary offenses were testimonial and inadmissible). Additionally, "'boilerplate' language that does not contain any such testimonial statements, narratives of specific events, or written observations is admissible." *Smith*, 297 S.W.3d at 276; *see also Segundo*, 270 S.W.3d at 106–07.

## B. Discussion

Appellant argues that the admission of the reexamination forms violated her confrontation clause rights.[5] However, appellant does not explain and cites no law supporting that the forms were testimonial, as they must have been for their admission to constitute a violation of her confrontation clause rights. *See Sanchez*, 354 S.W.3d at 485. Instead, we find that these forms were non-testimonial because they contained unambiguous recordings of facts and were not prepared in anticipation of prosecution. *See Smith*, 297 S.W.3d at 276*; De La Paz*, 273 S.W.3d at 680.

Here, we note that the only statement Sluder, the unavailable witness, made on the reexamination forms is her signature at the end of the form filled out by appellant; this is therefore the only evidence on the forms which could potentially be inadmissible

---

[5] Appellant argues that the admission of the document violates her confrontation clause rights because it does not fall within a firmly rooted hearsay exception. Furthermore, the State alleges that "the exhibit was admitted for a limited purpose, as a self-authenticating business record only." However, while the trial court admitted the document under the business record exception to the hearsay rule, *see* Tex. R. Evid. 803(6), documents admitted under hearsay exceptions can still violate a defendant's confrontation clause rights. *See Smith*, 297 S.W.3d at 276. Therefore, whether the document was properly admitted under this exception is not relevant to our confrontation clause analysis. *See id.*

9

based on a confrontation clause violation.[6]  *See Smith*, 297 S.W.3d at 276.  Sluder's statement is not similar to the statements on reports held to be testimonial in previous case law as it is merely a signature on a form filled out by appellant, rather than observations of an incident or analysis of testing made by an unavailable witness; Exhibit One, therefore, contained a non-testimonial, unambiguous, objective signature attesting to a representative's presence when a form was filled out, rather than the interpretation of what occurred during an incident or expert analysis. S*ee Bullcoming*, 131 S. Ct. at 2710; *Smith*, 297 S.W.3d at 276;  *Russeau*, 171 S.W.3d at 880.

Furthemore, the forms were not created to establish or prove past events potentially relevant to later criminal prosecution.  *See De La Paz*, 273 S.W.3d at 680. The statements on the forms were not given to the police, and there was no criminal activity alleged or being investigated at the time they were made.  Furthermore, Weddle testified that the reexamination forms were created so that the agency could determine appellant's eligibility for the assistance program and were not prepared in anticipation of prosecution*.  See id.*

Accordingly, we find that the reexamination forms and Sluder's signature thereon, were non-testimonial and that, therefore, the trial court did not violate appellant's confrontation clause rights by admitting them.  *See De La Paz*, 273 S.W.3d at 680; *Smith*, 297 S.W.3d at 276.

Moreover, even if the trial court's admission of Sluder's signature was error, it was harmless.  Appellant alleges constitutional error.   As such, to conclude the error was harmless, we must determine beyond a reasonable doubt that it did not contribute

---

[6] Even if the entire document had been filled out by Sluder, we would still find that all statements on the form were non-testimonial as they were unambiguous factual recordings that were not prepared in anticipation of prosecution.  *See Smith*, 297 S.W.3d  at 276*; De La Paz*, 273 S.W.3d at 680.

to the conviction or punishment. *See* TEX. R. APP. P. 44.2. Here, a federal agent testified that appellant admitted that she intentionally failed to report income on her reexamination form because she needed money to pay hospital bills. Therefore, in this case, there was other strong evidence indicating that appellant intentionally caused the execution of a document by deception, and the admission of the signature of the unavailable witness on the reexamination form was harmless beyond a reasonable doubt. *See* TEX. R. APP. P. 44.2; *Scott v. State*, 227 S.W.3d 670, 690–91 (Tex. Crim. App. 2007) (reasoning that the following factors are relevant to a harm analysis for constitutional error: "1) how important was the out-of-court statement to the State's case; 2) whether the out-of-court statement was cumulative of other evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and 4) the overall strength of the prosecution's case").

We overrule appellant's confrontation clause issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of September, 2013.

11