

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANIEL LEE SPINKS, | § | No. 08-19-00172-CR |
| Appellant, | § | Appeal from the |
| v. | § | 39th District Court |
| THE STATE OF TEXAS, | § | of Haskell County, Texas |
| Appellee. | § | (TC# 6964) |

**O P I N I O N**

Daniel Lee Spinks appeals from his conviction for the offense of burglary of a habitation, enhanced, on the ground that the evidence is legally insufficient to support that conviction.[1] Finding no error, we affirm.

**BACKGROUND**

Blanca Hernandez arrived at her home on February 16, 2018, to find the back door and a window open, even though both had been closed and locked when she had departed. She first discovered that her television was missing and later found that personal belongings were strewn in the yard below the open window. She also noticed a pair of underwear covering one of the

---

[1] As this case was transferred from our sister court in Eastland, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

cameras her granddaughter had installed in her home.

Because Hernandez was not familiar with how the camera system worked, the police contacted her granddaughter, Kimberly Cochran. Cochran was able to retrieve a still photograph bearing a date and time stamp for the night of February 13, 2018. That photograph depicted a person looking up at the camera. Although the person depicted had worn a hooded top, there were some facial features visible in the photograph. An officer with the Haskell Police Department, who had known Spinks for several years, identified him as the person in the photograph. Police later learned that Spinks had been staying at a house approximately one block from Hernandez's house.

An investigator for the district attorney's office testified that, after Spinks' arrest, his office received a letter written by Kriselle Martinez, Spinks' live-in girlfriend, in which she stated she alone was involved in the burglary of Hernandez's home. The investigator interviewed Martinez, who was in jail after having pleaded guilty to a separate burglary. Martinez stated that she was the one who entered the house and took the television. She also stated that Spinks only came to the house to walk her home, he never went inside the house, he did not know what she was doing, she did not throw anything out of the window, but there were no items on the ground outside the window when she entered the house through that window. A video recording of the interview was played for the jury.

The jury returned a verdict of guilty and assessed punishment at 70 years' confinement. The court entered judgment on the verdict and this appeal followed.

**ISSUE**

In a single issue on appeal, Spinks contends that the evidence is legally insufficient to support his conviction because it is insufficient to support a finding that he entered Hernandez's home with the intent to commit theft. His argument, however, also includes a challenge to the

2

sufficiency of the evidence to support a finding that he committed or attempted to commit theft.

## STANDARD OF REVIEW

The standard for reviewing the legal sufficiency of the evidence to support a finding of guilt is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *accord Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). Sufficiency of the evidence is "measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *see Grissam v. State*, 267 S.W.3d 39, 40 (Tex. Crim. App. 2008) (sufficiency is measured against a correct charge, as distinguished from the charge actually given). A hypothetically correct charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

"[C]ircumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt." *Nisbett*, 552 S.W.3d at 262; *see Zuniga*, 551 S.W.3d at 733. A jury may not speculate about the meaning of facts or evidence, but they are permitted to draw any reasonable inferences from the facts, as long as each inference is supported by the evidence presented at trial. *Zuniga*, 551 S.W.3d at 733. Further, "[e]ach fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction." *Nisbett*, 552 S.W.3d at 262.

## DISCUSSION

3

## A. The offense at issue

Due process requires that the State prove each of the elements of the offense charged beyond a reasonable doubt. *Nisbett*, 552 S.W.3d at 262. Here, the parties' briefs reflect some confusion regarding what manner of committing burglary is at issue in this case. We must therefore begin by identifying the offense Spinks was charged with, and convicted of, in order to determine what elements the State was required to prove. *See id.*

A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation with intent to commit theft. TEX. PENAL CODE ANN. § 30.02(a)(1). A person also commits the offense of burglary if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit theft. TEX. PENAL CODE ANN. § 30.02(a)(3).

A grand jury returned an indictment against Spinks charging that he "intentionally or knowingly enter[ed] a habitation without the effective consent of Blanca Hernandez, the owner thereof, and *attempted to commit or committed theft* of property, to-wit: a television, owned by Blanca Hernandez." (Emphasis added.) The jury charge defined burglary both in terms of "intent to commit . . . theft" and "commit[ting] or attempt[ing] to commit theft." But the application paragraph of the charge instructed the jury only as to one theory, that is, "attempted to commit or committed theft of property":

> [I]f you believe from the evidence beyond a reasonable doubt, that the defendant, DANIEL LEE SPINKS, on or about the 13th day of February, 2018, in the County of Haskell, and State of Texas, as alleged in the indictment, did then and there, intentionally or knowingly enter a habitation without the effective consent of Blanca Hernandez, the owner thereof, and *attempted to commit or committed theft* of property, to-wit: a television, owned by Blanca Hernandez, you will find the defendant guilty . . . .

(Emphasis added.)

The jury's verdict recites, "We, the jury, find the defendant, DANIEL LEE SPINKS, guilty of the offense of Burglary of a Habitation, as charged in the indictment." The court rendered

4

judgment in open court in accordance with that verdict. Nevertheless, the written "Judgment of Conviction By Jury" states that the offense for which Spinks was convicted is "Burglary of A Habitation W/ Intent To Commit Theft."[2]

"It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). For this reason, a correct jury charge is limited by the allegations contained in the charging instrument and, by extension, the sufficiency of the evidence is measured against the offense as charged in that instrument. *See Malik*, 953 S.W.2d at 240 (sufficiency is measured against correct charge, which is one authorized by the indictment).

As just noted, the indictment in the present case charged only the "attempted to commit or committed theft of property" theory of burglary. Consequently, a hypothetically correct charge in this case would have authorized the jury to convict only on that theory, not on the additional theory of entering a habitation with "intent to commit . . . theft." *See Malik*, 953 S.W.2d at 240. In fact, while the charge in this case included "intent to commit theft" in the definitional portion of the charge, that theory was not incorporated into the application paragraph. Rather, the application paragraph tracked the language of the indictment and thus restricted the jury's consideration to only the allegations contained in the indictment. In a similar case, the Court of Criminal Appeals noted that "[t]he jury is presumed to have understood and followed the court's charge, absent evidence to the contrary." *Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012). The court therefore presumed that the jury convicted the defendant pursuant to the theory alleged in

---

[2] As the trial court rendered judgment on the jury's verdict of guilt for the offense as stated in the indictment, the conflicting recitation in the judgment appears to be a case of clerical error. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (clerical errors are errors that were not the result of judicial reasoning).

the charging instrument, despite an additional theory having been included in the abstract portion of the charge. *Id.*

We likewise presume that the jury in this case convicted Spinks pursuant to the theory alleged in the indictment—that Spinks entered Hernandez's home without her effective consent and committed or attempted to commit theft. We therefore need not address the parties' arguments concerning the sufficiency of the evidence to prove the alternative, uncharged theory that Spinks entered Hernandez's home with intent to commit theft. *See Crenshaw*, 378 S.W.3d at 467 (jury is presumed to understand and follow court's charge); *Gollihar*, 46 S.W.3d at 246 (conviction cannot be based on uncharged offense).

While Spinks states the issue on appeal as being the insufficiency of the evidence to prove that he entered the Hernandez home with the intent to commit theft, nonetheless, his brief also presents arguments concerning the insufficiency of the evidence to prove that he committed or attempted to commit theft. We conclude that Spinks has adequately raised this issue for our review and turn now to its merits.

**B. Sufficiency of the evidence to prove commission or attempted commission of theft**

Spinks argues that the evidence is insufficient because there is no *direct* evidence to prove that he committed or attempted to commit theft. He contends that no one saw him enter the house or remove anything from it, and no one testified that he acted with them to burglarize the home. But "circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Zuniga*, 551 S.W.3d at 733.

In any event, the record refutes Spinks' contention that there is no direct evidence that he entered Hernandez's home. On the contrary, the State introduced a photograph taken from

6

Hernandez's security cameras showing Spinks inside the home. A police officer who had known Spinks for years identified him as the person in the photograph. And, after a second police officer compared the security camera photograph with a known photograph of Spinks, the officer further identified distinctive facial features common to the two. In addition, the photograph from Hernandez's security camera is date- and time-stamped February 13, 2018 at 1:23:55 a.m.[3] There is clearly sufficient evidence to place Spinks inside the home at the time of the offense. Indeed, Spinks' attorney twice informed the jury in closing that the defense was not disputing that Spinks had been inside the house.

The evidence in this case establishes the following: Spinks was in the home in the middle of the night of February 13, 2018; Spinks was aware of at least one security camera in the home because a photograph from that camera shows him looking directly at it; a security camera was later found to have been covered up; a previously locked window and deadbolted door in the home were found open; Hernandez's television was missing, and other items of personal property had been thrown outside the home. Additionally, the jury heard evidence from Kriselle Martinez, through her recorded interview, that she was in the home on the night of February 13, 2018; she stole the television; she did not throw anything out the window; Spinks only came to the house to walk her home; and Spinks was never in the house and did not know that she stole the television.

The jury, as the sole judge of the credibility of, and weight to be given, the witnesses' testimony, was entitled to believe all, some, or none of Martinez's version of events. *See Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020); *see also Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The jury could therefore have believed Martinez's story to the extent that she establishes that the television was taken on the night of February 13, 2018, and that Spinks

---

[3] Cochran testified that the time stamp might have been off by one hour because of a daylight savings adjustment, but the date and time settings were otherwise accurate.

7

was at the house that night. The jury could also believe that Martinez did not throw anything out the window. But the physical evidence establishes that someone did, and the only other person Martinez placed at the scene was Spinks. In that regard, the jury was entitled to disbelieve her statement that Spinks was never inside the house, particularly in light of the photograph showing him inside the house and his attorney's statements at trial that the defense did not dispute that Spinks was in the house that night. The jury could further have disbelieved that Martinez, rather than Spinks, was the one who removed the television.

In sum, the jury could reasonably have found, from the totality of the evidence, that Spinks was inside Hernandez's home on the night of February 13, 2018, at which time he stole Hernandez's television and also removed some personal items by throwing them out a window. We conclude that the cumulative force of these incriminating circumstances is sufficient to support a finding that Spinks committed or attempted to commit theft. *Zuniga*, 551 S.W.3d at 733.

## C. Application of the law of parties

In addition to relying on the evidence discussed above, the State contends that Spinks' conviction may be upheld under the law of parties. Under that law, "[a] person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he . . . encourages, . . . aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2). Circumstantial evidence alone may be sufficient to prove that a person is a party to an offense. *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006).

A person can be convicted as a party even if, as in this case, the indictment does not explicitly charge him as a party. *Id*. In addition, also as in this case, including the law of parties in the abstract portion of the jury charge but not in the application paragraph is nonetheless "enough

8

for the law of parties to be taken into account in a sufficiency review." *Yzaguirre v. State*, 394 S.W.3d 526, 529 (Tex. Crim. App. 2013); *Adames v. State*, 353 S.W.3d 854, 861 (Tex. Crim. App. 2011).

"Evidence is sufficient to convict the defendant under the law of parties where he is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985) (en banc). The evidence must show that the parties were acting together at the time of the offense, "each doing some part of the execution of the common purpose." *Id.*

Even if the jury were to have accepted that Martinez was the one who stole the television, there is evidence that Spinks was physically present in the house with Martinez when she did so and that he encouraged, aided, or attempted to aid her by throwing some of Hernandez's belongings out a window. In addition, the jury was entitled to infer from Spinks' unauthorized presence in the house in the middle of the night that he intended to commit, or assist Martinez in committing, theft. *See LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986) (recognizing permissible inference of intent to commit theft from entry at nighttime without consent).

The cumulative force of the incriminating circumstances is sufficient to support a finding that Spinks was guilty, as a party, of burglary by committing or attempting to commit theft. *Zuniga*, 551 S.W.3d at 733.

Spinks' sole issue on appeal is overruled.

### CONCLUSION

The evidence is legally sufficient to support Spinks' conviction for burglary of a habitation, either individually or as a party, by committing or attempting to commit theft. The trial court's judgment is affirmed.

9

GINA M. PALAFOX, Justice

August 27, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)