**Affirmed and Opinion Filed August 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00301-CR**

**TRAMON LEONTRA MONTRELL WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-2076304-I**

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Molberg

Appellant Tramon Leontra Montrell Williams appeals his conviction for murder, for which he was sentenced to ninety-nine years' confinement in the Texas Department of Criminal Justice's Institutional Division (TDCJID) and a $10,000 fine. He argues the evidence was legally insufficient to support the conviction, on the theory that no rational jury could conclude beyond a reasonable doubt that he was the person who shot and killed the victim. Based on the record before us, we conclude the evidence was legally sufficient to support the conviction, and we affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

BACKGROUND

On August 1, 2020, a music video was filmed in the Deep Ellum neighborhood of Dallas. Alonte Hickem, one of the individuals at the scene, was shot five times and died as a result of the shooting.

Williams was charged by indictment for committing the murder of Hickem. The indictment alleged that on or about August 1, 2020, in Dallas County, Williams "did unlawfully then and there intentionally and knowingly cause the death of ALONTE DEMIR BROADUS HICKEM, an individual, . . . by SHOOTING [HICKEM] WITH A FIREARM, a deadly weapon" and further "did unlawfully then and there intend to cause serious bodily injury to [Hickem] . . . and did then and there commit an act clearly dangerous to human life, to wit: by SHOOTING [HICKEM] WITH A FIREARM, a deadly weapon, and did thereby cause the death of [HICKEM], an individual." *See* TEX. PENAL CODE § 19.02(b)(1)–(2).[1] Also, although not included in the indictment, the State filed a notice of intent to enhance Williams's punishment range with evidence of a prior felony conviction for the offense of engaging in organizing criminal activity.

Williams entered a plea of "not guilty" to the indictment and pleaded "not true" to the enhancement. A jury decided the guilt/innocence and punishment phases, found him guilty of the offense as charged in the indictment, found true the

---

[1] Texas Penal Code § 19.02(b) states, in part, that "[a] person commits an offense if he: (1) intentionally or knowingly causes the death of an individual; [or] (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

enhancement paragraph, and assessed punishment at ninety-nine years' TDCJID confinement and a $10,000 fine.

The trial court pronounced sentence, noted the affirmative finding that a deadly weapon was used in the commission of the offense, and entered judgment in accordance with the jury's verdict. Williams filed a motion for new trial that was overruled by operation of law and timely appealed.

## ANALYSIS

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).

The factfinder is the sole judge of witness credibility and the weight to be given testimony. *See Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015).

In conducting our review, we consider "all evidence in the record of the trial, whether it was admissible or inadmissible." *Winfrey v. State*, 393 S.W.3d 763, 767

(Tex. Crim. App. 2013) (citations omitted); *see also Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006) ("[A] reviewing court is permitted to consider all evidence in the trial-court record, whether admissible or inadmissible, when making a legal-sufficiency determination.").

In *Musacchio v. United States*, 577 U.S. 237 (2016), the Court explained:

Sufficiency review essentially addresses whether "the government's case was so lacking that it should not have even been submitted to the jury." . . . . On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a "meaningful opportunity to defend" against the charge against him and a jury finding of guilt "beyond a reasonable doubt." . . . . The reviewing court considers only the "legal" question "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Id*. at 243 (internal citations omitted). In other words, "All that a defendant is entitled to on a sufficiency challenge is for the court to make a 'legal' determination whether the evidence was strong enough to reach a jury at all." *Id*. at 244 (quoting *Jackson*, 443 U.S. at 319).

In this case, in his sole issue, Williams argues "the evidence is legally insufficient to prove that Tramon Williams is the person who shot and killed Alonte Hickem." An eyewitness who testified she saw the person who shot Hickem testified she did not see the shooter in the courtroom and that she could hardly see the shooter's face because he had on a face mask and a hood.

But as the State notes in its brief, the jury had other evidence from which it could reasonably infer, beyond a reasonable doubt, that Williams committed the

–4–

offense. Multiple video clips of the scene before, after, and during the shooting were admitted, and from these videos, the eyewitness identified who she saw shoot Hickem. Williams's fingerprints were located on the right rear interior door handle of a blue SUV that left the scene moments after the shooting, and the jury heard that the person driving that SUV identified Williams from a photo lineup. The jury also heard that at the time of his arrest, Williams possessed the same gun from which the five cartridge casings found at the crime scene were shot, and he was wearing the same type of shoes as those worn by the person who jumped into the blue SUV and demanded that the driver take him away on the day of the shooting.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found could have found the essential elements of the offense beyond a reasonable doubt, including that Williams was the person who shot and killed Hickem. *See Jackson*, 443 U.S. at 319 (legal sufficiency standard); *Brooks*, 323 S.W.3d at 899 (same).

## CONCLUSION

We overrule Williams's sole issue and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

220301f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TRAMON LEONTRA MONTRELL
WILLIAMS, Appellant

No. 05-22-00301-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-2076304-I.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 14th day of August, 2023.